# Exhibit A

## CLASS AND DERIVATIVE ACTION SETTLEMENT AGREEMENT

This Class and Derivative Action Settlement Agreement, including all exhibits thereto (this "Settlement Agreement"), is entered into by and among (a) William Bergman, Richard and Catherine Tiesso as trustees of the Tiesso Revocable Trust, and John C. Sherwood (collectively, the "Plaintiffs"), for themselves and on behalf of the Settlement Class, (b) the Equity Committee, and (c) the Chapter 11 Trustee (each as defined below, and together with the Plaintiffs, the "Claimants"), on the one hand, and David Choo, California Mortgage and Realty, Inc. ("CMRI"), and California Mortgage and Realty Asset Management ("CMRAM") (collectively referred to herein, the "Defendants"), on the other hand.

## RECITALS

A. The litigation *Bergman  et al. v. California Mortgage and Realty, Inc., David Choo*, Case No. Adv No. 10-03107 (the "Action"), is presently pending in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court").

B. The Plaintiffs in the Action were members in CMR Mortgage Fund, LLC, CMR Mortgage Fund II, LLC and CMR Mortgage Fund III, LLC (collectively, the "Debtor Funds") as of April 30, 2008, and also are members of the Official Committee of Equity Security Holders of the Debtor Funds duly appointed by the Office of United States Trustee by notice dated October 2,  2009 (the "Equity Committee").  As set forth in detail in the complaints filed in the Action, the Plaintiffs allege that CMRI, and its president and owner, David Choo, the manager of, and principal service-provider to, the Debtor Funds, mismanaged and provided inadequate services to the Debtor Funds and otherwise caused losses to the Debtor Funds and the Debtor Funds' members.

C. The First Amended Complaint in the Action was filed on January 7, 2011.

D. On January 29, 2010, the Bankruptcy Court designated the Equity Committee as the estate representative on behalf of each of the Debtor Funds with all rights to pursue claims against CMRI and David Choo as provided by the terms of the applicable order.

225970.1
OHSUSA:750185543.3

E.  On April 7, 2011, the Bankruptcy Court ordered the substantive consolidation of the Debtor Funds' Chapter 11 bankruptcy cases.  On April 14, 2011, the Bankruptcy Court appointed the Chapter 11 Trustee (as defined below) in the Debtor Funds' substantively consolidated cases.

F.  The Defendants have denied and continue to deny the allegations in the First Amended Complaint and all other charges of wrongdoing, violations of law, fault, liability or damage arising out of any conduct, services, statements, acts or omissions that were or could have been alleged in the Action, and believe they acted properly at all times and that the allegations in the Action are without merit.

G.  Notwithstanding their disagreement over the merits of the litigation, the Parties (as defined below) wish to avoid protracted litigation, which threatens to deplete a limited fund of assets without reaching any definite conclusion.

H.  Subject to the terms of this Settlement Agreement and approval of the Bankruptcy Court, the Parties wish to promptly and fully resolve and settle, with finality, all of the claims that were or could have been asserted in the Action by the Plaintiffs, for themselves and on behalf of the Settlement Class, the Equity Committee, the Chapter 11 Trustee and/or the Debtor Funds against the Defendants.

NOW, THEREFORE, as a result of the foregoing and the settlement negotiations among counsel for the Parties, the Parties have agreed to settle the Action on the terms and conditions set forth below:

## 1.  DEFINITIONS

As used in this Settlement Agreement, capitalized terms not otherwise defined have the meanings provided below:

1.1  "Agreement Execution Date" shall mean the date on which David Choo, CMRI, the Equity Committee, and the Chapter 11 Trustee have all executed this Settlement Agreement.

Case: 10-03107    Doc# 37-1    Filed: 05/18/12    Entered: 05/18/12 18:54:51    Page 3 of 69

1.2    "Chapter 11 Trustee" shall mean Richard M. Kipperman, solely in his capacity as Chapter 11 trustee of the Debtor Funds, pursuant to the Order of the Bankruptcy Court dated April 14, 2011.

1.3    "Class Counsel" shall mean the McNutt Law Group LLP and Lee Law Offices.

1.4    "Class Notice" shall mean the Notice of Settlement of the Action to be approved by the Bankruptcy Court in the Preliminary Approval Order in substantially the form annexed hereto as <u>Exhibit A</u> and mailed to the last known address of all Settlement Class members.

1.5    "CMRI Releasees" shall mean (without regard to whether they were named or served with process or appeared in the Action): (i) the Chapter 11 Trustee, the Debtor Funds, the Debtors' Estates, the Equity Committee, and the Settlement Class; (ii) any entity in which any of them has a controlling interest; and (iii) their respective past, present, or future family members, spouses, heirs, trusts, trustees, executors, estates, administrators, agents, employees, parents, subsidiaries, divisions, affiliates, shareholders, principals, officers, managers, directors, members, predecessors, successors, assigns, attorneys, and personal or legal representatives, of each and all of the foregoing.

1.6    "CMRI Releasors" shall mean (without regard to whether they were named or served with process or appeared in the Action): (i) David Choo, Craig Raymond, CMRI, CMRAM, CMR Group, LLC ("CMRG"), CMR Income Fund, LLC ("CMRIF"), CMR Commercial Mortgage Fund, LLC ("CMRCMF") and HMV, LLC; (ii) any entity in which any of them has a controlling interest; and (iii) their respective past, present, or future family members, spouses, heirs, trusts, trustees, executors, estates, administrators, agents, employees, parents, subsidiaries, divisions, affiliates, shareholders, principals, officers, managers, directors , members, predecessors,

Case: 10-03107    Doc# 37-1    Filed: 05/18/12    Entered: 05/18/12 18:54:51    Page 4 of 69

successors, assigns, attorneys, insurers, and personal or legal representatives, of each and all of the foregoing.

1.7    "Contributing Insurers" shall mean Indian Harbor Insurance Company ("Indian Harbor"), which issued Financial Services Liability Policy No. ELU 100039-07, for the claims-made period  September 1, 2007 to September 1, 2009, and Certain Underwriters at Lloyd's, London ("Lloyd's"), which issued Mortgage Bankers and Mortgage Brokers Professional Liability Insurance Policy No. MB59835, effective July 1, 2007.

1.8    "Debtors' Estates" shall mean the substantively consolidated Chapter 11 bankruptcy estates of the Debtor Funds.

1.9    "Debtor Funds" shall mean CMR Mortgage Fund, LLC, CMR Mortgage Fund II, LLC and CMR Mortgage Fund III, LLC.

1.10    "Defense Cost Set Aside" means an amount up to $2,115,000, which is specifically reserved by Indian Harbor for payment of  (a) defense costs incurred by Defendants prior to the Estate and Class Release Effective Date and (b) the defense of potential governmental matters, as such defense costs are covered by the Indian Harbor Policy.

1.11    "Effective Date" shall have the meaning set forth in Section 3.1 below.

1.12    "Equity Committee" shall mean Official Committee of Equity Security Holders of the Debtor Funds duly appointed by the Office of United States Trustee by notice dated October 2, 2009.

1.13    "Estate and Class Release Effective Date" means the later of the Effective Date or the date that is ninety-one (91) days after the Payment Date; *provided*, that during the ninety (90) day period following the Payment Date none of the CMRI Releasors are subject to either a voluntary or involuntary petition for relief under the Title 11 of the United States Code, as amended, or assignment for the benefit of creditors, unless the

Case: 10-03107    Doc# 37-1    Filed: 05/18/12    Entered: 05/18/12 18:54:51    Page 5 of 69

Chapter 11 Trustee in his sole discretion waives the 90 day condition set forth herein, in which case the Estate and Class Release Effective Date shall be the same as the Effective Date.

    1.14   "Estate and Class Releasees" shall mean (without regard to whether they were named or served with process or appeared in the Action): (i) David Choo, Craig Raymond, CMRI, CMRAM, CMR Group, LLC ("CMRG"), CMR Income Fund, LLC ("CMRIF"), CMR Commercial Mortgage Fund, LLC ("CMRCMF") and HMV, LLC; (ii) any entity in which any of them has a controlling interest; and (iii) their respective past, present, or future family members, spouses, heirs, trusts, trustees, executors, estates, administrators, agents, employees, parents, subsidiaries, divisions, affiliates, shareholders, principals, officers, managers, directors, members, predecessors, successors, assigns, attorneys, insurers, and personal or legal representatives of each and all of the foregoing.

    1.15   "Estate and Class Releasors" shall mean (without regard to whether they were named or served with process or appeared in the Action): (i) the Chapter 11 Trustee, on behalf of the Debtors' Estates, the Equity Committee, and the Settlement Class; (ii) any entity in which any of them has a controlling interest; and (iii) their respective past, present, or future family members, spouses, heirs, trusts, trustees, executors, estates, administrators, agents, employees, parents, subsidiaries, divisions, affiliates, shareholders, principals, officers, managers, directors, members, predecessors, successors, assigns, attorneys, and personal or legal representatives, of each and all of the foregoing.

    1.16   "Indian Harbor Policy" shall mean the Financial Services Liability Policy No. ELU 100039-07 issued by Indian Harbor Insurance Company for the claims-made period September 1, 2007 to September 1, 2009.

1.17   "Lloyd's Policy" shall mean the Mortgage Bankers and Mortgage Brokers Professional Liability Insurance Policy No. MB59835 issued by Certain Underwriters at Lloyd's, London effective July 1, 2007.

1.18   "Parties" shall mean the Plaintiffs and the Defendants.

1.19   "Plaintiffs" shall mean William Bergman, Richard and Catherine Tiesso as trustees of the Tiesso Revocable Trust, and John C. Sherwood.  Plaintiffs intend that all rights and obligations that are binding on Plaintiffs under this Settlement Agreement shall also be binding on all members of the Settlement Class by means of an order certifying a mandatory class issued by the Bankruptcy Court and the Debtors' Estates.

1.20   "Plan of Allocation" shall mean the plan or formula of allocation of the net settlement proceeds proposed jointly by the Chapter 11 Trustee and Class Counsel, subject to approval by the Bankruptcy Court, whereby the net settlement proceeds will be distributed for the benefit of the Settlement Class and the Debtors' Estates, as discussed in Section 12.2.

1.21   "Payment Date" shall mean the later of the dates on which the Contributing Insurers deposit their respective payments as set forth in Sections 4.1 and 4.2 hereof into the Settlement Account.

1.22   "Settlement Account" shall mean the account established pursuant Paragraph 9.2.

1.23   "Settlement Class" shall mean each and every person who was a member in one or more of the Debtor Funds as of April 30, 2008 or who has succeeded to such person's interest (including their respective successors in interest, representatives, assigns and transferees), but excluding the Defendants.

1.24   "Settlement Fund" shall be the amounts deposited in the Settlement Account and the Defense Cost Set Aside.

Case: 10-03107   Doc# 37-1   Filed: 05/18/12   Entered: 05/18/12 18:54:51   Page 7 of 69

## 2. JUDICIAL APPROVAL PROCESS

2.1     <u>Motion for Preliminary Approval of Settlement and  Class Notice</u>.
Promptly after execution of this Settlement Agreement by all Parties, the Plaintiffs will
prepare and file a motion (the "Preliminary Motion") with the Bankruptcy Court seeking
an order substantially in the form annexed hereto as <u>Exhibit B</u> (the "Preliminary
Approval Order"), which order shall (a) approve this Settlement Agreement subject to
entry of the Final Order (as defined in section 2.4 below), (b) find that the payments by
the Contributing Insurers under their respective policies do not violate 11 U.S.C. §362;
(c) direct the time and manner of the Class Notice to be served on the Settlement Class,
and (d) find that:

(i)     The proposed form of Class Notice fairly and adequately (A) describes the
terms and effect of this Settlement Agreement, (B) provides notice to the
Settlement Class of the time and place of the Fairness Hearing (as defined
in Section 2.4 below), and (C) describes how the recipients of the Class
Notice may object to approval of the settlement; and

(ii)    The proposed manner of serving the Class Notice to the members is the
best notice practicable under the circumstances.

The Preliminary Motion also shall seek an order, pending the final determination of the
fairness, reasonableness and adequacy of this Settlement Agreement, (i) enjoining all
members of the Settlement Class from instituting, commencing, or prosecuting any action
in any court or tribunal against Defendants related to the Estate and Class Released
Claims, and (ii) staying all proceedings in the Action, except those related to approval of
this Settlement Agreement and the certification of the Settlement Class.

2.2.1    <u>Class Certification</u>.  The Preliminary Motion will request that the
Settlement Class be conditionally certified in connection with the settlement.

2.2.2.    <u>Appropriateness of Class Certification and Settlement of Action</u>.  The
Plaintiffs have asserted that the Action should be certified as a class action pursuant to

Case: 10-03107    Doc# 37-1    Filed: 05/18/12    Entered: 05/18/12 18:54:51    Page 8 of
69

the Federal Rules of Civil Procedure and that the Settlement Agreement should be approved pursuant to both Fed. R. Civ. P. 23(e) and Fed. R. Civ. P. 23.1(c). The Defendants do not object to such certification and approval on the terms set forth in this Settlement Agreement.

      2.2.3   <u>Motion for Class Certification</u>. Class Counsel shall move in the Bankruptcy Court for class certification of the Settlement Class as a mandatory non-opt-out class pursuant to Federal Rule of Civil Procedure 23(b)(1), with the Plaintiffs as the Settlement Class representatives, and Class Counsel as counsel for the Settlement Class.

      2.3   <u>Issuance of Class Notice</u>. On the timetable and in the manner set by the Bankruptcy Court in its Preliminary Approval Order, Class Counsel shall cause the Class Notice to be sent to the members of the Settlement Class.

      2.4   <u>The Fairness Hearing</u>. On or after the date set by the Bankruptcy Court for the final fairness hearing (the "Fairness Hearing"), the Bankruptcy Court will determine whether to enter the order in substantially the form attached hereto as <u>Exhibit C</u> (the "Final Order"), which shall (i) approve this Settlement Agreement, (ii) dismiss, with prejudice, each claim asserted in the Action, (iii) permanently enjoin the members of the Settlement Class from bringing or continuing to pursue any Estate and Class Released Claim against the Estate and Class Releasees or the Debtors' Estates, either derivatively or on behalf of themselves, or through any person purporting to act on their behalf or purporting to assert an Estate and Class Released Claim in any forum, action or proceeding of any kind; and (iv) approve the payments by the Contributing Insurers. At the Fairness Hearing, Class Counsel will urge the Bankruptcy Court to enter the Final Order, which shall include approval of the proposed Plan of Allocation and awarding attorneys' fees and expenses to Class Counsel. The Parties agree that they will reasonably cooperate with one another in obtaining, and that they shall support entry of, the Final Order.

## 3. CONDITIONS TO EFFECTIVENESS OF THE SETTLEMENT

3.1 <u>Effective Settlement</u>. The settlement provided for in this Settlement Agreement shall become Effective on the first business day when each of the following conditions has been satisfied or waived (the "Effective Date").

3.1.1 <u>Preliminary Approval</u>. The Bankruptcy Court shall have entered the Preliminary Approval Order.

3.1.2 <u>Class Certification</u>. The Bankruptcy Court shall have certified a Settlement Class as a mandatory non-opt-out class pursuant to Federal Rule of Civil Procedure 23(b)(1).

3.1.3 <u>Final Order</u>. The Bankruptcy Court shall have entered the Final Order and such order has not been be stayed, modified, vacated, or reversed on appeal.

3.1.4 <u>Rule 9019 Order</u>. The Bankruptcy Court shall have entered an Order pursuant to Federal Rule of Bankruptcy Procedure 9019 approving the Settlement Agreement.

3.1.5 <u>Plan of Allocation</u>. The Plan of Allocation shall have been approved.

3.1.6 <u>Funding of Settlement Fund</u>. The amounts payable pursuant to Sections 4.1(a) and 4.2 shall have been deposited in the Settlement Account at the time prescribed by, and as otherwise provided for, in Section 9.2.

## 4. PAYMENT BY CONTRIBUTING INSURERS; APPROVALS, DISMISSALS AND RELEASES

4.1 <u>Payment by Indian Harbor Insurance Company</u>. (a) Indian Harbor shall pay the amount of $1,506,862.78 (On Million Five Hundred Six Thousand Eight Hundred Sixty-Two Dollars and Seventy-Eight Cents), which represents the remaining limit of liability of $3,621,862.78 less the Defense Cost Set Aside, under Policy No. ELU 100039-07, directly into the Settlement Account described in Section 9.2 below. (b) In

addition, Indian Harbor shall make payment to the Chapter 11 Trustee or his designee as set forth in Section 9.2.3.

4.2     Payment by Certain Underwriters at Lloyd's, London.  Lloyd's shall pay the amount of $2,550,000 (Two Million Five Hundred and Fifty Thousand Dollars) under policy no. MB 59835 directly into the Settlement Account described in Section 9.2 below.

4.3     Mutual Waiver.  Each Contributing Insurer waives, as against the other, all claims for subrogation or contribution with respect to any payment made under its respective contributing policy.

4.4     Approval of Settlement.  Each Contributing Insurer approves this Settlement Agreement.

4.5     Dismissal of Coverage Action and Release.  Promptly upon execution of this Agreement, Lloyd's, CMRI, David Choo, and Craig Raymond's successor or representative will execute a contingent release, tolling agreement, and stipulated dismissal without prejudice  in case no. CV 11-0724 WHA presently pending in the U.S. District Court for the Northern District of California ("the Coverage Action").  The release will be on behalf of all insureds, and all persons or entities claiming by or through an insured, including without limitation attorneys, and include a waiver of Civil Code § 1542.  The contingent release, tolling agreement, and stipulated dismissal without prejudice will confirm that dismissal shall be without prejudice to the right of Certain Underwriters at Lloyd's, London to litigate coverage for the claims that are the subject of this Settlement Agreement in the event this agreement does not become effective.  The release shall be deemed final and complete, and the tolling agreement void, upon the Estate and Class Release Effective Date.

4.6     Releases of Contributing Insurers.

4.6.1   Effective upon the Estate and Class Release Effective Date, the Settlement Class, and the Plaintiffs, the Chapter 11 Trustee, on behalf of the Debtors' Estates, the

Case: 10-03107    Doc# 37-1    Filed: 05/18/12    Entered: 05/18/12 18:54:51    Page 11 of 69

Debtors' Funds, and the Equity Committee, and their respective successors in interest release, remise, acquit and forever discharge the Contributing Insurers of and from any and all claims, actions or causes of action (including without limitation any claims for contract or tort damages, punitive damages, fraud, misrepresentation, violation of statute, breach of the duty of good faith, extra-contractual damages, and any other damages or loss or other form of relief) known or unknown, fixed or contingent, past, present or future, in law or in equity, which they have, have had, or may have against the Contributing Insurers based upon, arising out of, or in connection with or in any way involving: (i)  the Indian Harbor Policy and the Lloyds' Policy; (ii) the Action; and (iii) any actual or alleged facts, circumstances, situations or events at issue in the Action.  The Settlement Class, the Plaintiffs, the Chapter 11 Trustee, on behalf of the Debtors' Estates, the Debtors' Funds, and the Equity Committee, and their respective successors further agree that the Contributing Insurers have no further obligations under Indian Harbor Policy and the Lloyd's Policy upon the Estate and Class Release Effective Date.

4.6.2   David Choo, Craig Raymond, CMRI, CMRAM, on behalf of themselves and all persons and entities who are Insureds under any of the Contributing Insurers' policies, excepting only the Debtors' Funds under the Indian Harbor Policy, agree that the Contributing Insurers have no further obligations under their respective contributing policies upon the Estate and Class Release Effective Date.

4.6.3   Nothing herein shall release Indian Harbor from the obligation to make payment of amounts remaining in the Defense Cost Set Aside pursuant to Section 9.2.3.

## 5.   CONTRIBUTION BY DEFENDANTS

5.1   <u>Payment of Future Realized Net Gain</u>.  David Choo, CMRI and CMRAM shall pay to the Trustee, on behalf of the Debtors' Estates, and the Settlement Class and their successors, on a semi-annual basis, 10% of all Net Gain earned on income, recoveries and distributions from the development, hypothecation (other than refinancing of debt existing as of the Agreement Execution Date), rental, or sale of real properties in

Case: 10-03107    Doc# 37-1    Filed: 05/18/12    Entered: 05/18/12 18:54:51    Page 12 of 69

which David Choo, CMRI and/or CMRAM hold an interest on the Agreement Execution Date as set forth in Exhibit D hereto. "Net Gain" shall consist of the net receipts of cash and other interests from the sale of property after deducting secured loans (other than loans of David Choo or related entities), reasonable costs of sale, property taxes, and judgments, provided that such costs, taxes and judgments are directly attributable to the property sold.

      5.1.1   The payments required by Section 5.1 shall be made for ten years from the Agreement Execution Date.

      5.1.2   The entities and real properties subject to Section 5.1 shall be those entities and properties identified and listed on Exhibit D hereto, and all assets owned by such entities as of the Agreement Execution Date.

      5.1.3   The obligation to make payments pursuant to Section 5.1 shall terminate after the last semi-annual payment has been received or when the Chapter 11 Trustee and the Settlement Class or their respective successors have received payments of $21 million, whichever occurs first.

      5.2    Payment of Future Unrealized Gains.  If payments made under Section 5.1 have not reached a total of $21 million after the ninth year from the Agreement Execution Date, then David Choo, CMRI and CMRAM shall have a joint and several obligation to pay to the Chapter 11 Trustee, on behalf of the Debtors' Estates, and the Settlement Class or their successors after ten years have passed from the Effective Date, and for each entity and property listed on Exhibit D, an amount equal to 10% of the unrealized gain (if any) attributable to each such entity or property, up to a maximum of $21 million inclusive of payments made under Section 5.1.

      5.2.1   The amount of unrealized gain (if any) will be the appraised value of each property on Exhibit D after the ninth year from the Agreement Execution Date minus secured loans (other than loans of David Choo or related entities) and estimated reasonable costs of sale, provided that such loans and costs are directly attributable to the

Case: 10-03107    Doc# 37-1    Filed: 05/18/12    Entered: 05/18/12 18:54:51    Page 13 of 69

property. David Choo, CMRI and CMRAM shall commission the necessary appraisals after year nine from the Agreement Execution Date, with the costs of such appraisals being paid from, but credited towards, any payment made under this provision.

5.3     The Parties agree to adopt a system which will enable the Chapter 11 Trustee and/or his successor or designee (1) to monitor and enforce compliance with Sections  5.1 and 5.2, above, and (2) to establish, and receive payment based on, the market value for any transaction covered by these sections which is not an open market, arms-length transaction.  Such system shall (i) include reporting by David Choo, CMRI and CMRAM on a regular basis which is not less frequent than quarterly and (ii) entitle the Chapter 11 Trustee or his successors to conduct audits at his discretion.  David Choo, CMRI and CMRAM shall cooperate with such monitoring/compliance system.

5.4     Pursuant to the terms of a mutually agreeable services agreement to be documented, David Choo, CMRI and/or CMRAM shall reasonably assist and cooperate with the Chapter 11 Trustee or a successor thereto in any efforts to liquidate and maximize the value of the Debtors Funds' real estate interests, whether held directly or through non-debtor affiliates.  To the extent the Chapter 11 Trustee agrees to compensate David Choo, CMRI and/or CMRAM for any such assistance, such agreement shall be documented in a separate writing and approved by the Bankruptcy Court.

5.5     David Choo and CMRI have made representations to the Chapter 11 Trustee and the Equity Committee (including through the provision of a declaration under penalty of perjury) (a) regarding David Choo's and CMRI's positions that no fraud, willful misconduct, or gross negligence has been committed with respect to the allegations made in the Action; and (b) confirming the assets and liabilities of David Choo and CMRI.  The Chapter 11 Trustee, the Debtors' Estate, and the Equity Committee reserve all rights regarding such representations.

Case: 10-03107    Doc# 37-1    Filed: 05/18/12    Entered: 05/18/12 18:54:51    Page 14 of 69

## 6. RELEASES BY ESTATE AND CLASS RELEASORS

6.1 <u>Releases.</u> Effective upon the Estate and Class Release Effective Date, and except as set forth in Section 6.3, the Estate and Class Releasors acquit and discharge the Estate and Class Releasees from the Estate and Class Released Claims (as defined in Section 6.2 below) that the Estate and Class Releasors directly, indirectly, derivatively, or in any other capacity ever had, now have or hereafter may have including, without limitation, the claims asserted in the Action.

6.2 <u>Estate and Class Released Claims.</u> Subject to Section 6.3, the "Estate and Class Released Claims" referenced in Section 6.1 shall be any and all claims, demands, rights, liabilities, causes of action of any kind, known or unknown, related to or arising out of the Defendants' provision of professional services for, management of, or solicitation of investments for the Debtor Funds including, without limitation, the following:

6.2.1 All unsecured claims in relation to outstanding notes held by the Debtor Funds and receivables from CMRI, CMRAM or David Choo, or intercompany receivables on the books of the Debtor Funds that are obligations of CMRI, CMRAM or David Choo, subject to the following:

6.2.1.1 CMRI will agree to re-convey its liens on the Platinum property to the Chapter 11 Trustee, on behalf of the Debtors' Estates. At the end of 2007, CMRI purchased the Platinum note at par from CMR Mortgage Fund, LLC and CMR Mortgage Fund II, LLC, paying 20% down and interest on the carry-back note. After the property foreclosed, it was placed into Platinum Hwy 27 Orlando, LLC. As a part of the settlement, CMRI will transfer its membership interests in Platinum Hwy 27 Orlando, LLC to the Chapter 11 Trustee, on behalf of the Debtors' Estates, in exchange for re-conveyance of the carry-back note; in addition, David Choo shall transfer to the Chapter 11 Trustee, on behalf of the

Debtors' Estates, a separately purchased (for cash) $100,000 interest in the Platinum property currently held in an IRA account in David Choo's name.

6.2.2    All claims arising out of the Contribution Agreement executed in April 2008 by and between CMRI and David Choo.

6.2.3    All other claims arising out of any actual or alleged acts, errors and omissions of any kind by Defendants relating to the Debtor Funds prior to the Agreement Execution Date.

6.3    <u>Claims Not Released By Estate and Class Releasors</u>.  Released Claims expressly do not include claims to enforce rights arising under this Settlement Agreement.  Should it be discovered that assets or transfers are not disclosed in the representations made by Choo and CMRI pursuant to Section 5.5 hereof they shall become the property of the Chapter 11 Trustee and the Settlement Class and CMRI, CMRAM and Choo will fully cooperate with the Chapter 11 Trustee and the Settlement Class (represented by the Settlement Class's counsel) to recover such property.

6.3.1    To the extent that any portion of the consideration provided by Defendants and/or the Contributing Insurers pursuant to this Settlement Agreement is subsequently avoided in any bankruptcy proceeding or assignment for the benefit of creditors commenced by or against David Choo, CMRI, CMRAM and/or their respective non-debtor affiliates, the Chapter 11 Trustee, on behalf of the Debtors' Estates, and the Settlement Class shall have the right to assert a claim against such avoiding debtor's estate in an amount up to four (4) times the value of the portion of this settlement that is avoided without regard to the releases set forth in Sections 6.1 and 6.2, above, provided that neither the Chapter 11 Trustee nor the Settlement Class shall be permitted to pursue any claims directly against David Choo or CMRI beyond claims against their bankruptcy estates.

Case: 10-03107    Doc# 37-1    Filed: 05/18/12    Entered: 05/18/12 18:54:51    Page 16 of 69

## 7. RELEASES BY CMRI RELEASORS

7.1 <u>Releases</u>.  Upon the Estate and Class Release Effective Date, and subject to  Sections 7.3 and 7.4, below, the CMRI Releasors release, acquit and discharge the CMRI Releasees from the CMRI Released Claims (as defined in Section 7.2 below) that the CMRI Releasors directly, indirectly, derivatively, or in any other capacity ever had, now have or hereafter may have.

7.2 <u>CMRI Released Claims</u>.   Subject to Section 7.3, the "CMRI Released Claims" shall be any and all claims, demands, rights, liabilities, causes of action of any kind, known or unknown, related to or arising out of the CMRI Releasors' management of, provision of services to, or other involvement in, the Debtor Funds and/or their affiliated entities including, without limitation, the following:

7.2.1   Claims for payment of management or servicing fees, operating expenses, commissions, salaries, or other compensation for services performed by CMRI and/or David Choo or their affiliates or representatives prior to the Effective Date (Choo asserts that these claims total $6,651,260) and all claims for sums David Choo may have contributed to the Debtor Funds, including amounts needed to subsidize CMRI and its operations during this period.

7.2.2   Claims for payment of promissory notes and other obligations, including repayment of cash advances, in favor of CMRI and/or David Choo or their affiliates or representatives given by the Debtor Funds prior to the Effective Date, provided that CMRI shall have an allowed Chapter 11 administrative expense claim in the substantively consolidated case for post-petition advances provided to the Debtor Funds in the amount of $112,546.16.

7.3   David Choo and CMRI represent and warrant, on behalf of themselves, their affiliates and representatives, that they do not have any present business relationship with the Debtor Funds, the Debtors' Estates, the Equity Committee, and/or the Settlement Class and that all claims they have or may have against the Debtor Funds, the Debtors'

Estates, the Equity Committee, and/or the Settlement Class arising out of or related to any past business relationship are included within the CMRI Released Claims.

      7.4    <u>Claims Not Released By the CMRI Releasors</u>.  The CMRI Released Claims expressly do not include claims to enforce rights arising under this Settlement Agreement.  Notwithstanding any other provision of this Settlement Agreement, no claim for any fees or expenses incurred on matters unrelated to the Action that is evidenced by or based on a Proof of Claim, filed in the bankruptcy case of any of the Debtor Funds, by attorneys for any of the Defendants, shall be released, acquitted, discharged or otherwise impaired in any manner by this Settlement Agreement or any of its terms, and any and all rights of the Chapter 11 Trustee, and the Debtors' Estates, as to any such Proof of Claim are expressly reserved.

## 8.  CIVIL CODE § 1542

      8.1    Subject to the provisions of sections 6 and 7 above, the Parties stipulate and agree that the Estate and Class Releasors and the CMRI Releasors waive and relinquish, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by Cal. Civ. Code § 1542 or any federal, state or foreign law, rule, regulation or common law doctrine that is similar, equivalent, or identical to, or which has the effect of, Section 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his settlement with the debtor.

      8.2    Notwithstanding the provisions of Cal. Civ. Code § 1542 and any similar provision, rights and benefits conferred by any law, rule, regulation or common law doctrine of California or in any federal, state or foreign jurisdiction, but subject to the terms of this Settlement Agreement, the Parties understand and agree that the releases to be given pursuant to this Settlement Agreement shall include released claims that are not known or suspected to exist at the time such releases are given.

Case: 10-03107    Doc# 37-1    Filed: 05/18/12    Entered: 05/18/12 18:54:51    Page 18 of 69

**9. INTERIM COSTS OF NOTICE; THE SETTLEMENT ACCOUNT; DELIVERIES INTO THE SETTLEMENT ACCOUNT; DISBURSEMENTS FROM THE SETTLEMENT ACCOUNT**

9.1     <u>Costs of Notice</u>.  The reasonable costs of the Class Notice shall be paid from the Settlement Fund.

9.2     <u>Settlement Account</u>.  Within ten (10) business days of the Bankruptcy Court's entry of the Preliminary Approval Order, Defendants shall cause the Contributing Insurers to pay the amounts specified in Sections 4.1(a) and 4.2 into an interest bearing escrow account for the benefit of the Debtors' Estates and the Settlement Class (the "Settlement Account").  The escrow account shall be governed by an escrow agreement substantially in a form attached hereto as <u>Exhibit E</u> or as otherwise agreed by the Parties and the escrow agent.

9.2.1   The funds in the Settlement Account, inclusive of interest, (the "Initial Settlement Fund") shall be invested only in United States Treasury Bills or other comparable risk-free investments.  The Settlement Fund shall be considered a common fund created as a result of the Action.

9.2.2   The Settlement Account shall bear interest for the benefit of the Settlement Class and the Debtors' Estates in accordance with their respective interests under the Plan of Allocation.  The Settlement Account shall be structured and managed to qualify as a Qualified Settlement Fund under Section 468B of the Internal Revenue Code and Treasury regulations promulgated thereunder.  Any federal, state or local taxes that may apply to the income of the Settlement Account shall be paid out of the Initial Settlement Fund.  The Chapter 11 Trustee, in cooperation with Class Counsel, shall (a) arrange for the preparation and filing of all tax reports and tax returns required to be filed for the Settlement Fund at the expense of the Settlement Fund; (b) arrange for the payment of fees and costs incurred in the defense of the Coverage Action, case no. CV

11-0724 WHA, out of the Settlement Fund; and (c) reserve sufficient funds out of the Settlement Fund to pay for such taxes, fees, costs and expenses prior to disbursement of any amounts pursuant to Section 9.3.

9.2.3   Within ten (10) business days of David Choo having been informed that a governmental matter is not being pursued,  Indian Harbor shall pay the funds remaining in the Defense Cost Set Aside, if any, to the to the Chapter 11 Trustee or his designee pursuant to Section 12.4, below.

9.3   <u>Disbursement from the Settlement Account</u>.  The Settlement Fund shall be disbursed by the Chapter 11 Trustee as set forth in Section 12 below, as soon as reasonably practicable following the Estate and Class Release Effective Date.

## 10. COVENANTS AND REPRESENTATIONS

10.1   <u>Cooperation</u>.  The Parties shall reasonably cooperate with each other in preparing the necessary documentation and otherwise taking all appropriate action to effectuate this Settlement Agreement and to implement the Class Notice and the Plan of Allocation.

10.2   <u>Representations and Warranties</u>.  In addition to the representations contained in section 5.5, above, the Parties represent and warrant:

10.2.1 That they are voluntarily entering into this Settlement Agreement as a result of arm's-length negotiations among their counsel, that in executing this Settlement Agreement they are relying solely upon their own judgment, belief and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent and duration of their rights and claims and regarding all matters which relate in any way to this Settlement Agreement and that, except as provided herein, they have not been influenced to any extent whatsoever in executing this Settlement Agreement by any representations.

10.2.2 Except as specifically described herein, that they assume the risk of mistake as to facts or law; and

Case: 10-03107   Doc# 37-1   Filed: 05/18/12   Entered: 05/18/12 18:54:51   Page 20 of 69

10.2.3 That they have carefully read this Settlement Agreement, and this Settlement Agreement is signed freely by each individual executing it on behalf of each of the Parties.

## 11. NO ADMISSION OF LIABILITY

11.1 The Parties understand and agree that this Settlement Agreement embodies a compromise of disputed claims, and nothing in this Settlement Agreement, including the furnishing of consideration for this Settlement Agreement, shall be deemed to constitute any finding of wrongdoing by any of the Defendants, or give rise to any inference of wrongdoing or admission of wrongdoing or liability in this or any other proceeding. This Settlement Agreement and the consideration provided in connection with it are made in compromise of disputed claims and are not admissions of liability of any kind, whether legal or factual. The Defendants specifically deny any liability or wrongdoing.

11.2 Nothing in this Settlement Agreement shall be deemed to be, or construed as, an admission of any obligation or liability of the Debtor Funds or the Debtors' Estates to make any payment or provide any other consideration to David Choo, CMRI or CMRAM or their respective successors in interest, except as expressly set forth herein.

11.3 Neither the fact nor the terms of this Settlement Agreement shall be offered or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce this Settlement Agreement or arising out of or relating to the Final Order, or obtaining approval by the Bankruptcy Court of this Settlement Agreement.

## 12. DISTRIBUTION OF THE SETTLEMENT FUND

12.1 <u>Attorneys' Fees and Expenses</u>. Class Counsel may apply to the Bankruptcy Court for an award of attorneys' fees and for reimbursement of expenses to be paid from the Settlement Fund.

12.1.1 No later than 28 days prior to the Fairness Hearing, Class Counsel shall submit an application to the Bankruptcy Court for an award of attorneys' fees for legal services rendered, plus reimbursement of expenses incurred in connection with the Action and/or implementation of the Settlement Agreement.

12.1.2 Defendants will take no position regarding Class Counsel's application for attorneys' fees and costs to be paid out of the Settlement Fund, provided Class Counsel does not seek to recover attorneys' fees of more than 25% of the amounts paid by the Contributing Insurers pursuant to Sections 4 and 9.

12.2     <u>Plan of Allocation</u>.  Concurrently with the filing of the Preliminary Motion, Class Counsel and the Chapter 11 Trustee will propose a Plan of Allocation to the Bankruptcy Court, which the Bankruptcy Court shall approve at the Fairness Hearing.

12.3     <u>Distribution of the Settlement Fund</u>.  Payments pursuant to the Plan of Allocation and for attorneys' fees and costs approved by the Bankruptcy Court shall be made from the Settlement Fund as soon as practicable after the Estate and Class Release Effective Date.

12.4     <u>Reservation of Funds for Governmental Matters</u>.  At their election, David Choo and CMRI may elect to instruct Indian Harbor  to withhold that part of the Defense Cost Set Aside not used for payment of defense costs incurred by Defendants prior to the Estate and Class Release Effective Date pursuant to Section 1.10(a) for the defense of government matters related to the matters in the First Amended Complaint for a period not to exceed thirty months from the Estate and Class Release Effective Date.  At the end of such thirty month period, all such reserved funds that have not been used for the defense of governmental matters shall be paid to the Chapter 11 Trustee or his designee, which funds shall become part of the Settlement Fund to be distributed pursuant to the Plan of Allocation; provided, however, that if any such governmental matter is commenced within that thirty month period, the withheld amount will remain available through the completion (including any dismissal) of the matter. Use of funds reserved

Case: 10-03107    Doc# 37-1    Filed: 05/18/12    Entered: 05/18/12 18:54:51    Page 22 of 69

pursuant to this section, until any remaining such funds are paid to the Trustee at the end of the thirty month period, shall be (i) subject to the terms of the Indian Harbor Policy and applicable law, and (ii) subject to approval of the Chapter 11 Trustee and Class Counsel or, in the absence of such approval, an order of the Bankruptcy Court. If, prior to the expiration of the 30 month period described herein, David Choo is informed that a governmental matter is not being pursued, all such reserved funds that have not been used for the defense of governmental matters shall be promptly paid to the Chapter 11 Trustee or his designee as described above, without waiting for the expiration of the 30 month period. and the Chapter 11 Trustee or his designee shall distribute such amounts pursuant to the Plan of Allocation.

## 13. TERMINATION OF THE SETTLEMENT AGREEMENT

13.1 <u>Termination</u>. The Settlement Agreement may automatically terminate or be terminated by the Parties, and thereupon become null and void, in the following circumstances:

13.1.1 If the Bankruptcy Court declines to enter the Preliminary Approval Order or the Final Order, then this Settlement Agreement shall automatically terminate and become void.

13.1.2 If the Settlement Agreement does not become effective, and the Parties and the Contributing Insurers have not agreed to proceed with all or part of the Settlement Agreement, then the Settlement Agreement shall be terminated and shall become void.

13.1.3 If the Plan of Allocation is not approved and the Parties have not agreed to proceed with the Settlement Agreement, then the Settlement Agreement shall be terminated and shall become void.

13.1.4 If any part of the Bankruptcy Court's Final Order is modified, vacated, or reversed on appeal, and the Parties and the Contributing Insurers have not agreed to

Case: 10-03107    Doc# 37-1    Filed: 05/18/12    Entered: 05/18/12 18:54:51    Page 23 of 69

proceed with all or part of the Settlement Agreement, the Settlement Agreement shall be terminated and shall become void.

13.1.5 If the Estate and Class Release Effective Date does not occur because the Chapter 11 Trustee has determined that the 91-day condition set forth in section 1.13 has not been met (or the Chapter 11 Trustee has not waived such provision) the Settlement Agreement shall be terminated and shall become void.

13.2. In the event the Settlement Agreement is terminated and becomes void for any reason, the funds paid by the Contributing Insurers into the Settlement Fund, together with interest actually earned thereon, shall be returned to such Contributing Insurer within 20 (twenty) business days.

## 14. MISCELLANEOUS PROVISIONS

14.1 <u>Governing Law</u>. This Settlement Agreement shall be governed by the laws of the State of California without giving effect to the conflict of laws or choices of law provisions thereof, except to the extent that the law of the United States governs any matter set forth herein.

14.2 <u>Dispute Resolution, Venue</u>. Any dispute or controversy with respect to the rights or obligations of any Party under this Settlement Agreement, or with respect to the terms and conditions of this Settlement Agreement, shall be submitted to the Bankruptcy Court for a final, binding and non-appealable determination. The Bankruptcy Court shall retain jurisdiction over the Action and the Parties for purposes of enforcing the settlement.

14.3 <u>Authority</u>. Each person signing this Settlement Agreement on behalf of a releasing party represents and warrants that he or she is authorized to execute this document on behalf of the entities that are giving the releases set forth in Sections 4.6, 6 and 7, respectively. In the case of the Official Committee of Equity Security Holders and the Chapter 11 Trustee, the actions of the persons signing this Settlement Agreement also

Case: 10-03107   Doc# 37-1   Filed: 05/18/12   Entered: 05/18/12 18:54:51   Page 24 of 69

are subject to approval by the Bankruptcy Court pursuant to Federal Rule of Bankruptcy Procedure 9019.

      14.4    <u>Severability/Trustee Authorization to Declare Effective Date of Settlement Agreement</u>.  The provisions of the Settlement Agreement are not severable, *provided that*, subject to approval by the Bankruptcy Court, the Chapter 11 Trustee may waive any provision that benefits the Debtors' Estates and/or the Settlement Class without affecting or invalidating any other provisions of this Settlement Agreement, provided that the Chapter 11 Trustee may only waive provisions benefitting the Settlement Class, in its capacity as such, with the consent of Class Counsel.  For the avoidance of doubt, pursuant to this Section 14.4, the Trustee may, subject to approval by Class Counsel (where necessary) and the Bankruptcy Court and notwithstanding any provision to the contrary contained in this Settlement Agreement, waive receipt of any consideration to be received by the Debtors' Estates and/or the Settlement Class pursuant to this Settlement Agreement and declare this Settlement Agreement to be effective (subject to the provisions of Section 3 of this Agreement).

      14.5    <u>Amendment</u>.  This Settlement Agreement may be modified, amended or supplemented only by written agreement signed by or on behalf of all Parties.

      14.6    <u>Waiver</u>. The provisions of this Settlement Agreement may be waived only by an instrument in writing executed by the waiving party.  The waiver by any Party of any breach of this Settlement Agreement shall not be deemed to be or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.  Subject to approval of the Bankruptcy Court, the Chapter 11 Trustee reserves the right to waive any provision in this settlement that benefits the Debtors' Estates.

      14.7    <u>Construction</u>.  None of the Parties shall be considered to be the drafter of this Settlement Agreement for the purpose of any statute, case law or rule of construction that would or might cause any provisions to be construed against the drafter.

Case: 10-03107   Doc# 37-1   Filed: 05/18/12   Entered: 05/18/12 18:54:51   Page 25 of 69

14.8    <u>Further Assurances</u>.  Each of the Parties agrees, without further
consideration, and as part of finalizing the settlement, that it will in good faith execute
and deliver such other documents and take such other actions as may be reasonably
necessary to effectuate this Settlement Agreement.

14.9    <u>Notices</u>.  Any notice, demand or other communication under this
Settlement Agreement (other than the Class Notice or notices given at the direction of the
Bankruptcy Court) shall be in writing and shall be deemed duly given upon receipt if it is
addressed to each of the intended recipients as set forth below and personally delivered,
sent by registered or certified mail (postage prepaid), sent by email, or delivered by
reputable express overnight courier:

IF TO DEFENDANTS:
Richard Gallagher
Orrick, Herringon & Sutcliffe LLP
405 Howard Street
San Francisco, California 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 733-5759
E-mail: rgallagher@orrick.com

IF TO NAMED PLAINTIFFS:

Scott H. McNutt
McNutt Law Group, LLP
188 The Embarcadero, Suite 800
San Francisco, California 94105
Telephone: (415) 995-8475
Facsimile: (415) 995-8487
E-mail:  SMcNutt@ml-sf.com

Monika P. Lee
Lee Law Offices
1700 South El Camino Real, Suite 450

San Mateo, California 94402
Telephone: (650) 212 3400
Facsimile: (650) 212 3404
E-Mail: monikalee@leelawllp.com

IF TO THE CHAPTER 11 TRUSTEE:

Richard M Kipperman
Corporate Management, Inc.
P.O. Box 3010
La Mesa, CA 91944.3010
Phone:    619-668-4500
Facsimile: 619-668-9014
E-mail: rmk@corpmgt.com

With a copy to:

David M. Bertenthal
Pachulski Stang Ziehl & Jones LLP
150 California Street, 15th Floor
San Francisco, CA 94111
Phone: 415-263-7000
Facsimile: 415-263-7010
E-mail: dbertenthal@pszjlaw.com

IF TO INDIAN HARBOR INSURANCE COMPANY

Leslie S. Ahari
Troutman Sanders LLP
1660 Internations Drive, Suite 600
McLean, Virginia 22102
Phone: 703-734-4322
Facsimile: 703-448-6517
E-mail: leslie.ahari@troutmansanders.com

IF TO CERTAIN UNDERWRITERS AT LLOYD'S LONDON

Ted Smith
Berger Kahn, A Law Corporation
300 Tamal Plaza, Suite 215
Corte Madera, CA 94925
Phone: 415-891-3321
E-mail: tsmith@bergerkahn.com

Case: 10-03107    Doc# 37-1    Filed: 05/18/12    Entered: 05/18/12 18:54:51    Page 27
of 69

14.10 <u>Entire Agreement</u>. This Settlement Agreement contains the entire agreement among the Parties relating to this settlement. This Settlement Agreement specifically supersedes any terms or agreements that were previously agreed upon orally or in writing by any of the Parties including, without limitation, the term sheet of August 17, 2011 or any other version of such term sheet.

14.11 <u>Counterparts</u>. This Settlement Agreement may be executed by exchange of emailed executed signature pages, and any signature transmitted by email for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement. This Settlement Agreement may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute the same instrument.

14.12 <u>Binding Effect</u>. This Settlement Agreement binds and inures to the benefit of the Parties, their assigns, heirs, administrators, executors and successors,

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates set forth below.

Dated: _5/7_____, 2012        DAVID CHOO

Dated: _May 9_____, 2012       CRAIG RAYMOND

                                By: _____
                                Richard Gallagher
                                Attorneys for Craig Raymond *(prior to death)*
                                (deceased)

**CLASS AND DERIVATIVE ACTION SETTLEMENT AGREEMENT**

Dated: _____ 5/7 _____, 2012    CALIFORNIA MORTGAGE AND
                                 REALTY, INC.

                                 By: _____

Dated: _____ 5/7 _____, 2012    CALIFORNIA MORTGAGE AND
                                 REALTY ASSET MANAGEMENT, INC.,
                                 CMR GROUP, LLC, CMR INCOME
                                 FUND, LLC, CMR COMMERCIAL
                                 MORTGAGE FUND, LLC

                                 By: _____

Dated: _____, 2012  OFFICIAL COMMITTEE OF EQUITY
                                 SECURITY HOLDERS

                                 By: _____
                                     William Bergman as Chairman

Dated: _____, 2012  WILLIAM BERGMAN

                                 By: _____

Dated: _____, 2012  RICHARD AND CATHERINE TIESSO
                                 AS TRUSTEES OF THE TIESSO
                                 REVOCABLE TRUST

                                 By: _____

Dated: _____, 2012  JOHN C. SHERWOOD

                                 By: _____

**CLASS AND DERIVATIVE ACTION SETTLEMENT AGREEMENT**

Dated: _____, 2012      CALIFORNIA MORTGAGE AND
REALTY, INC.

By: _____

Dated: _____, 2012      CALIFORNIA  MORTGAGE AND
REALTY ASSET MANAGEMENT, INC.,
CMR GROUP, LLC, CMR INCOME
FUND, LLC, CMR COMMERCIAL
MORTGAGE FUND, LLC

By: _____

Dated: ___5/10___, 2012      HMV LLC

By: _____
Graham Seel, SVP

Dated: _____, 2012      OFFICIAL COMMITTEE OF EQUITY
SECURITY HOLDERS

By: _____
William Bergman as Chairman

Dated: _____, 2012      WILLIAM BERGMAN

By: _____

Dated: _____, 2012      RICHARD AND CATHERINE TIESSO
AS TRUSTEES OF THE TIESSO
REVOCABLE TRUST

By: _____

Dated: _____, 2012      JOHN C. SHERWOOD

By: _____

**CLASS AND DERIVATIVE ACTION SETTLEMENT AGREEMENT**

Dated: _____, 2012    CHAPTER 11 TRUSTEE

By: _____
    Richard M Kipperman, solely in his
    capacity as chapter 11 trustee for the
    substantively-consolidated bankruptcy
    estates of CMR Mortgage Fund, LLC,
    CMR Mortgage Fund II, LLC, and
    CMR Mortgage Fund III, LLC

Dated: _____, 2012    MCNUTT LAW GROUP LLP

By: _____
    Scott McNutt
    Attorneys for Named Plaintiffs and the
    Equity Committee

Dated: _____, 2012    LEE LAW OFFICES

By: _____
    Monika P. Lee
    Attorneys for Named Plaintiffs and the
    Equity Committee

IN WITNESS WHEREOF, the Contributing Insurers approve this Settlement Agreement, and agree to the terms of this Settlement Agreement affecting them, on the dates set forth below.

Dated: _____, 2012    By: _____
    Attorneys for Indian Harbor Insurance
    Company

Dated: _____, 2012    By: _____
    Attorneys for Certain Underwriters at
    Lloyd's, London

Case: 10-03107   Doc# 37-1   Filed: 05/18/12   Entered: 05/18/12 18:54:51   Page 31 of 69

# Exhibit A
## To Settlement Agreement

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE<br><br>CMR MORTGAGE FUND, LLC,<br>CMR MORTGAGE FUND II, LLC,<br>CMR MORTGAGE FUND III, LLC,<br><br>       DEBTORS. | CASE NO.    08-32220 TEC<br>       (Substantively consolidated<br>       with Case Nos. 09-30788 TEC<br>       and 09-30802 TEC)<br><br><br>CHAPTER 11 |
| WILLIAM BERGMAN, RICHARD AND<br>CATHERINE TIESSO AS TRUSTEES OF THE<br>TIESSO REVOCABLE TRUST, JOHN C.<br>SHERWOOD, INDIVIDUALLY AND AS<br>MEMBERS OF THE OFFICIAL COMMITTEE OF<br>EQUITY SECURITY HOLDERS AND ON<br>BEHALF OF A CLASS CONSISTING<br>OF THE MEMBERS OF CMR MORTGAGE<br>FUND I, LLC CMR MORTGAGE FUND II, LLC,<br>CMR MORTGAGE FUND III, LLC,<br><br>       PLAINTIFFS,<br><br>VS.<br><br>CALIFORNIA MORTGAGE AND<br>REALTY, INC., DAVID CHOO,<br><br>       DEFENDANTS. | ADV NO.    10-03107 |

1

Case: 10-03107   Doc# 37-1   Filed: 05/18/12   Entered: 05/18/12 18:54:51   Page 33 of 69

**ALL MEMBERS OF CMR MORTGAGE FUND, LLC, CMR MORTGAGE FUND II, LLC, AND CMR MORTGAGE FUND III, LLC AS OF APRIL 30, 2008 AND THEIR SUCCESSORS IN INTEREST**:

This notice advises you of a proposed settlement of a class and derivative action lawsuit brought by William Bergman, Richard and Catherine Tiesso as Trustees of the Tiesso Revocable Trust, and John Sherwood (collectively, "Named Plaintiffs") against California Mortgage and Realty, Inc. and David Choo (together "the Defendants"). Named Plaintiffs and the Defendants are referred to as the "'Parties." The lawsuit is referred to as the "Class and Derivative Action." Other capitalized terms used in this notice and not defined in it have the meanings assigned to them in the Settlement Agreement (as defined below).

The United States Bankruptcy Court for the Northern District of California ("Bankruptcy Court") has preliminarily approved the settlement and has scheduled a hearing to evaluate the fairness and adequacy of the settlement. At the hearing, the Court will consider Named Plaintiffs' requests for final approval of the settlement, for class certification, for approval of a proposed plan of allocation, and for an award of attorneys' fees and costs. The hearing has been scheduled for _____, 2012, at _.m. in Courtroom 23 of the United States Bankruptcy Court for the Northern District of California, 235 Pine Street, San Francisco, California 94104-2791.

The terms of the settlement are contained in the Class and Derivative Action Settlement Agreement ("Settlement Agreement"), a copy of which is available at www._____, or by contacting Named Plaintiffs' Class Counsel: Scott McNutt, McNutt Law Group, 188 The Embarcadero, Suite 800, San Francisco, California 94105. You can also call (415) 995-8475, if you have questions or comments. Named Plaintiffs' Class Counsel may also be contacted via email at smcnutt@ml-sf.com. Please do not contact the Bankruptcy Court or counsel for Defendants. They will not be able to answer your questions.

**PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY. IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, THE SETTLEMENT WILL AFFECT YOUR RIGHTS. YOU ARE NOT BEING SUED. YOU DO NOT HAVE TO APPEAR IN COURT, AND YOU DO NOT HAVE TO HIRE AN ATTORNEY IN THIS CASE. IF YOU ARE IN FAVOR OF THE SETTLEMENT, YOU NEED NOT DO ANYTHING. IF YOU DISAPPROVE, YOU MAY OBJECT TO THE SETTLEMENT PURSUANT TO THE PROCEDURES DESCRIBED BELOW.**

Case: 10-03107    Doc# 37-1    Filed: 05/18/12    Entered: 05/18/12 18:54:51    Page 34 of 69

## CONTENTS OF THIS NOTICE

| | | |
|---|---|---:|
| I. | INTRODUCTION | **p. 3** |
| II. | DESCRIPTION OF THE CLASS AND DERIVATIVE ACTION | **p. 4** |
| III. | MEMBERS OF THE CLASS | **p .5** |
| IV. | TERMS OF THE SETTLEMENT AND PAYMENTS TO CLASS MEMBERS AND DEBTOR FUNDS | **p. 5** |
| V. | THE LAWYERS REPRESENTING THE CLASS AND EQUITY COMMITTEE | **p. 7** |
| VI. | OBJECTING TO THE SETTLEMENT | **p. 7** |
| VII. | THE FAIRNESS HEARING | **p. 8** |
| VIII. | DOING NOTHING | P. 9 |
| IX. | GETTING MORE INFORMATION | P. 9 |

## I.     INTRODUCTION

There are currently pending in the Bankruptcy Court the above captioned Chapter 11 proceedings for CMR Mortgage Fund, LLC ("Fund I"), CMR Mortgage Fund II, LLC ("Fund II") and CMR Mortgage Fund III, LLC ("Fund III") (collectively the "Debtor Funds") and an adversary proceeding (the "Class and Derivative Action" or "Action").

In the Class and Derivative Action, the Named Plaintiffs, three members of the Debtor Funds who also are members of the Official Committee of Equity Security Holders of the Debtor Funds (the "Committee"), seek to recover from the manager of the Funds, CMR, Inc. ("CMRI") and its president and owner, David Choo ("Choo"), damages incurred by the Debtor Funds and the Debtor Funds' members due to the mismanagement and other wrongful acts of CMRI and Choo.

Case: 10-03107    Doc# 37-1    Filed: 05/18/12    Entered: 05/18/12 18:54:51    Page 35 of 69

The bankruptcy cases of the Debtor Funds commenced on November 19, 2008, when Fund I filed for Chapter 11 protection in the Bankruptcy Court. The Class and Derivative Action was filed on June 25, 2010. On April 14, 2011, the Bankruptcy Court appointed Richard M Kipperman as the Chapter 11 Trustee for the Debtor Funds ("Chapter 11 Trustee").

The Named Plaintiffs and CMRI and Choo have reached a proposed settlement of the Class and Derivative Action (the "Settlement") under which the benefits described below will be provided to the Debtor Funds and the members of the Debtor Funds as of April 30, 2008, or the successors in interest of the members, as the case may be (the "Class"). The Named Plaintiffs, on behalf of the class of Fund members, and the Chapter 11 Trustee are participants in the Settlement.

The claims set forth in the Class and Derivative Action have been vigorously disputed by Choo and CMRI, who moved for dismissal of the Action under Federal Rules of Civil Procedure, Rule 12(b)(6). After extensive negotiations, and thorough investigation by the parties, the proposed Settlement was reached. All parties, including the Chapter 11 Trustee and Class counsel, believe the proposed Settlement to be fair and reasonable under the circumstances, and to provide the best possible recovery for the Debtor Funds and the individual members, given the facts, applicable law, and the limited fund available to address the claims against Choo and CMRI.

This Notice provides notice to you of the terms of the proposed Settlement, so that if approved, it can be implemented and the settlement funds can be distributed.

This Notice constitutes notice to the members of the Class of (a) the certification of the Plaintiff Class for settlement purposes; (b) the proposed Settlement of the Class and Derivative Action; (c) a description of the proposed Settlement; (d) the date of the court hearing for final approval of the Settlement; (e) your right to request a full copy of the Settlement documents including all exhibits; and (f) the right of each member of the Plaintiff Class to object to or comment on the Settlement, and to appear at the hearing at which the Court will consider the final approval of the Settlement.

## II.   DESCRIPTION OF THE CLASS AND DERIVATIVE ACTION

On June 25, 2010, the Class Representatives filed with the Bankruptcy Court a complaint commencing the Class and Derivative Action against CMRI and Choo. On December 23, 2010, the Defendants filed a motion to dismiss the action pursuant to FRCP 12(b)(6). The Named Plaintiffs filed a First Amended Complaint on January 7, 2011. On April 18, 2011, Defendants filed their motion to dismiss the First Amended Complaint. The hearing on this second motion was held in abeyance pending the negotiations which resulted in the proposed Settlement.

The First Amended Complaint asserts causes of action against CMRI and Choo for Breach of Contract, Breach of Fiduciary Duty, Negligent Misrepresentation, Professional Negligence, Intentional Misrepresentation, and Constructive Trust. These claims are asserted by the three members of the Debtor Funds[1] to recover damages incurred by members of the Debtor

---

[1] The Committee was authorized by the Court's order dated January 29, 2010 (the "Authorizing

Case: 10-03107   Doc# 37-1   Filed: 05/18/12   Entered: 05/18/12 18:54:51   Page 36 of 69

Funds arising out of Defendants' conduct alleged herein, regardless of whether such damages derive from injury to the Debtor Funds or are the result of individual injuries to Fund members. The plaintiffs allege that CMRI and Choo mismanaged, and breached their professional and fiduciary duties to, the Debtor Funds by selecting and underwriting imprudent loans and otherwise not managing the Funds in the prudent and conservative manner they had represented. They assert that this resulted in significant losses to the Funds and their members, causing the Funds to end all distributions and payments to members, and to file for Chapter 11 protection. The Named Plaintiffs estimate that the total losses to the Funds and their members exceed $150 million.

CMRI and Choo denied the allegations and asserted multiple defenses in their motions to dismiss and during the course of the negotiations with counsel for the Class and the Chapter 11 Trustee. Among other issues, CMRI and Choo asserted that (a) all claims against them are barred by the business judgment doctrine; (b) the claims are barred by the statute of limitations; (c) under the applicable contracts CMRI and Choo are not liable to the Funds or their members because CMRI and Choo did not act in bad faith; (d) the Debtor Funds must defend and indemnify CMRI and Choo against member claims; and (e) the fraud and breach of fiduciary duty claims are not supported by the facts.

The Action is both a class action and a derivative action. In a **class action**, one or more plaintiffs, called "named plaintiffs," sue to recover losses suffered by persons who have similar claims. All of the individuals on whose behalf the Named Plaintiffs are suing are members of a "class" of members of the Debtor Funds as of April 30, 2008. In a **derivative action**, shareholders of a corporation or members of a limited liability company, such as the three Debtor Funds here, are suing to recover losses suffered by the corporation or limited liability company. In this case, the Named Plaintiffs allege that the Defendants' conduct resulted both in losses to the Debtor Funds and in losses to individual members of the Funds.

## III.   MEMBERS OF THE CLASS

You are a member of the Class if you were a member of one of the three Debtor Funds on April 30, 2008 or if you are a successor in interest, *e.g.*, the heir, to a person who was a member of one of the three Debtor Funds on April 30, 2008.

## IV.   TERMS OF THE SETTLEMENT AND PAYMENTS TO CLASS MEMBERS AND DEBTOR FUNDS

The terms of the settlement are contained in the Settlement Agreement. The Settlement Agreement provides for two types of payments by Defendants: (1) payment of insurance policy

---

Order") to pursue all claims of the Debtor Funds against Choo and CMRI. The Committee is not a party to the Action, but the Named Plaintiffs, William Bergman, Richard Tiesso and John Sherwood are members of the Committee. The Chapter 11 Trustee did not seek a modification of the Authorizing Order upon his appointment, nor did he join the Action as a party. He did, however, support the Named Plaintiffs' prosecution of the claims asserted and participate in the negotiation of the proposed Settlement.

Case: 10-03107    Doc# 37-1    Filed: 05/18/12    Entered: 05/18/12 18:54:51    Page 37 of 69

proceeds on behalf of the Defendants in the amount of $7,550,000 minus covered defense costs[2] ("Present Payments") and (2) payment of future gains from the assets under the control of the Defendants in an amount up to $21 million ("Future Payments"). The Settlement Agreement provides that $2,115,000 of the insurance policy proceeds will be reserved ("Reserved Funds") from the Present Payments by one of the Defendant's insurers for a period of up to 30 months to cover additional defense costs, although under certain circumstances the unused part of these reserved funds may be released earlier. In addition, Defendants are releasing all claims (except that CMRI retains an allowed Chapter 11 administrative expense claim for post-petition advances provided to the Debtor Funds in the amount of $112,546.16) they hold against the Debtor Funds for management fees, promissory notes, cash advances, etc. in excess of $6.6 million.

On _____, 2012, Class Counsel submitted a Plan of Allocation to the Bankruptcy Court for approval at or after the Fairness Hearing. The Plan of Allocation, which may be obtained at www._____, or by contacting Class Counsel, describes how the Present Payments and Future Payments will be distributed to the Debtors' Estates and to Class members. In general terms, the distribution to each member of the Class will be calculated based on each member's participation in the three Debtor Funds as previously approved by the Bankruptcy Court in connection with the approval of the Equity Committee and Debtors' Joint Plan of Reorganization Dated June 24, 2010. This distribution is as detailed in Exhibit G to the Disclosure Statement for Equity Committee and Debtors Joint Plan of Reorganization Dated June 24, 2010.

The initial distribution to class members will be from the share, consisting of 40%, of Present Payments allocated to the class action claims (including interest, but after payment of certain amounts as described in the Settlement Agreement, including Court-approved attorneys' fees and other costs related to the litigation and the administration of the Settlement Fund). The remainder of the Present Payments are deemed allocable to the derivative claims and will be distributed to the Chapter 11 Trustee on behalf of the Debtor Funds (also net of any attorneys' fees and costs approved by the Court), who is charged with administering and using such funds for the benefit of all creditors.

Future Payments will be administered by the Chapter 11 Trustee or his successor or designee, and will be allocated and distributed in the same manner as the Present Payments. The unused part of the Reserved Funds will be distributed in the same manner once released.

---

[2] Choo and CMRI are insured under two insurance policies that provide coverage for defense and indemnity to Choo and CMRI in the event of certain claims against them. The limits of the policies are $5 million and $3 million, respectively. Defense costs incurred by Choo and CMRI in defending against this Action and several other actions filed by members of one or more of the funds have been paid from these available limits, and the amounts thus paid to Choo's and CMRI's attorneys are no longer available to fund the proposed Settlement. As of January 13, 2012, the Court had authorized Choo's insurer Indian Harbor to pay up to of $1,378,137.32 in defense costs, and Indian Harbor had paid the amount of $1,320,011.80. Additional defense costs have been incurred by Choo and CMR since that date and will be deducted from the funds reserved by the insurers as described above, before those reserved funds are released.

Class members do not need to request payment of their shares of the Present and Future Payments. Payment will be sent to the most recent address on record for each Class member. If you wish to submit an updated address please do so by contacting Class Counsel at McNutt Law Group, 188 The Embarcadero, Suite 800, San Francisco, California 94105, or call (415) 995-8475.

Payment is conditioned on several things, including the Bankruptcy Court's certification of the class for settlement purposes, approval of the settlement, and the approval becoming a Final Order. Depending on the court process, distribution could take several months or more than a year.

## V.     THE LAWYERS REPRESENTING THE CLASS AND COMMITTEE

The Bankruptcy Court has appointed McNutt Law Group, LLP and Lee Law Offices as Class Counsel. McNutt Law Group, LLP also had been appointed as counsel for the Equity Committee; Lee Law Offices had been appointed as special insurance counsel for the Equity Committee.

Class Counsel will apply for an award of attorneys' fees and expenses. The application for attorneys' fees will not exceed 25% of the Present Payments, including any part of the Reserved Funds not used for defense costs. Any award of fees and additional expenses will be paid from the Present Payments in the amount and manner approved by the Court. The written application for fees and expenses will be filed on _____ (28 days before the Fairness Hearing), and the Bankruptcy Court will consider this application at the Fairness Hearing. A copy of the application will be available at www._____.

To date, Class Counsel have not received any payment for their services in prosecuting this Class and Derivative Action, nor has counsel been reimbursed for their out-of-pocket expenses. The fee requested by Class Counsel would compensate them for their efforts in achieving the settlement for the benefit of the Settlement Class and the Debtor Funds and for their risk in undertaking this representation on a contingent basis. The Bankruptcy Court will determine the actual amount of any award.

## VI.    OBJECTING TO THE SETTLEMENT

As a Class member, you will be bound by any judgments or orders that are entered in the Class and Derivative Action for all claims that were asserted in that action or that are otherwise included in the release under the Settlement Agreement. You cannot opt out of the Settlement, but you can object to the Settlement Agreement and ask the Court not to approve it.

Any member of the Class may appear at the Fairness Hearing and explain why he or she thinks the Settlement should not be approved or why attorneys' fees and expenses should not be awarded, in whole or in part. But no member of the Class can contest these matters unless he or she first files with the Bankruptcy Court a timely written objection, providing all reasons for the objection.

To object, you must send a letter or other written statement saying that you object to the Settlement or the attorneys' fee award in *Bergman v. CMRI et al.*, Adv No. 10-03107. Be sure to

include your name, address, telephone number, signature, and a full explanation of all reasons you object to the settlement. **Your written objection must be filed with the Bankruptcy Court, and sent to the lawyers listed below by _____ 2012:**

> **File with the Clerk of the Court:**

> **And, by the same date, send copies of all such papers to each of the following:**

**UNLESS OTHERWISE ORDERED BY THE BANKRUPTCY COURT, ANY SETTLEMENT CLASS MEMBER WHO DOES NOT OBJECT IN THE MANNER DESCRIBED ABOVE WILL BE DEEMED TO HAVE WAIVED ANY OBJECTION AND SHALL BE FOREVER FORECLOSED FROM OBJECTING TO THE PROPOSED SETTLEMENT AND THE APPLICATION FOR ATTORNEYS' FEES AWARDS.**

## VII.   THE FAIRNESS HEARING

The Bankruptcy Court will hold a Fairness Hearing at _____ on _____, at the United States Bankruptcy Court for the Northern District of California, _____.

**IF YOU DO NOT WISH TO OBJECT TO THE PROPOSED SETTLEMENT OR THE APPLICATION FOR ATTORNEYS' FEES YOU DO NOT NEED TO ATTEND THE FAIRNESS HEARING.**

At the hearing, the Bankruptcy Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Bankruptcy Court will consider them. After the Fairness Hearing, the Bankruptcy Court will decide whether to approve the Settlement and certify the Class. The Bankruptcy Court will also consider the motions for attorneys' fees and expenses, as well as the proposed Plan of Allocation. We do not know how long these decisions will take.

You do not have to attend the hearing but you may do so at your own expense. If you send an objection, you do not have to come to Bankruptcy Court to talk about it. As long as you mailed your written objection on time, it will be before the Bankruptcy Court when the Bankruptcy Court considers whether to approve the settlement. You may also have your own lawyer attend the Fairness Hearing at your expense, but such attendance is not mandatory.

If you are a member of the Settlement Class and have filed a timely objection, and if you wish to speak, present evidence or present testimony at the Fairness Hearing, you must state in your objection your intention to do so, and must identify any witnesses you intend to call or

Case: 10-03107   Doc# 37-1   Filed: 05/18/12   Entered: 05/18/12 18:54:51   Page 40 of 69

evidence you intend to present.

The Fairness Hearing may be rescheduled by the Bankruptcy Court without further notice to the Class. If you wish to attend the Fairness Hearing, you should confirm the date and time with Class Counsel.

## VIII.  DOING NOTHING

If you do nothing and you are a Settlement Class member, you will participate in the settlement as described in this notice if the settlement is approved, and you will be deemed to have released all released claims against the Defendants.

## IX.  GETTING MORE INFORMATION

This notice summarizes the proposed Settlement. Full details about the Settlement are in the Settlement Agreement. You may obtain a copy of the Settlement Agreement by making a written request to Plaintiffs' Class Counsel listed above on page 2. Copies of the Settlement Agreement, as well as the motion seeking preliminary approval of the Settlement Agreement and the Preliminary Approval Order, may also be viewed at www._____.
You may contact Class Counsel with your comments or questions at (        )_____.

# Exhibit B
## To Settlement Agreement

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| In re | Case Nos.      08-32220 TEC |
|-------|------------------------------|
| CMR MORTGAGE FUND, LLC,<br>CMR MORTGAGE FUND II, LLC,<br>CMR MORTGAGE FUND III, LLC,<br><br>Debtors. | (Substantively Consolidated with Case Nos.09-30788 TEC and 09-30802 TEC)<br><br>Chapter 11<br><br>Adv No.      10-03107 |
| WILLIAM BERGMAN, RICHARD and CATHERINE TIESSO as Trustees of the TIESSO REVOCABLE TRUST, JOHN C. SHERWOOD, individually and as members of the OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS and on behalf of a class consisting of the members of CMR Mortgage Fund I, LLC CMR Mortgage Fund II, LLC,<br>CMR Mortgage Fund III, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>CALIFORNIA MORTGAGE AND REALTY, INC., DAVID CHOO,<br><br>Defendants. | **[PROPOSED] FINDINGS AND ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT, PRELIMINARILY CERTIFYING SETTLEMENT CLASS, APPROVING FORM AND DISSSEMINATION OF CLASS NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL**<br><br>Complaint filed June 25, 2010 |

This adversary proceeding involves claims of mismanagement, breach of fiduciary duty, fraud, negligence, and other wrongful acts by California Mortgage and Realty, Inc. ("CMRI"), the manager of the three CMR Mortgage Funds ("Debtor Funds"), and its principal, David Choo.  The plaintiffs, on behalf of themselves and a class consisting of members of the Debtor Funds, seek to recover losses they incurred both directly and as a result of the losses suffered by the Debtor

Funds.

Presented to the Court for preliminary approval is a global settlement of the claims asserted in the adversary proceeding and other claims between CMRI and Choo, on one hand, and the Debtor Funds and their members on the other hand. The terms of the settlement are set out in the Class and Derivative Action Settlement Agreement ("Settlement Agreement") executed on May __, 2012[1].

On __, 2012, the Court held a hearing at which it preliminarily considered the settlement to determine, among other things, whether it warrants the issuance of notice to members of the Settlement Class. Upon reviewing the Settlement Agreement, pleadings and papers on file with the Court, and the arguments made at the hearing, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. <u>Preliminary Findings Regarding Class Certification</u>. The Court preliminarily finds , for settlement purposes only, that the requirements of the United States Constitution, the Federal Rules of Civil Procedure, the Local Rules of the United States Bankruptcy Court for the Northern District of California, and any other applicable laws have been met as to the "Settlement Class" defined below, in that:

    a. The Settlement Class is cohesive and well defined;

    b. The members of the Settlement Class are ascertainable from records kept by the Debtor Funds, and the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable. The Court also finds that California Corporations Code § 17500, dispensing with the numerosity requirement, applies;

    c. Based on the allegations in the First Amended Complaint, the Court preliminarily finds that there are one or more questions of fact and law common to the Settlement Class;

---

[1] Unless otherwise defined in this Order capitalized terms shall have the meaning ascribed to them in the Settlement Agreement.

d.  Based on the allegations in the First Amended Complaint, the Court finds that the claims of the Plaintiffs are typical of the claims of the Settlement Class;

e.  The Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of Plaintiffs and the nature of their alleged claims are consistent with those of the members of the Settlement Class; (ii) there appear to be no conflicts among the Plaintiffs and the Settlement Class; and (iii) Plaintiffs and the members of the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting complex actions in federal court;

f.  The prosecution of separate actions by individual members of the Settlement Class would create a risk of:  (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in the Action; and (ii) adjudications as to individual Settlement Class members would, as a practical matter, be dispositive of the interests of the other Settlement Class members not parties to the adjudications, or substantially impair or impede the ability of those persons to protect their interests.

2.  <u>Preliminary Certification</u>.  Based  on the findings set out in paragraph 1, above, the Court preliminarily certifies the following class (the "Settlement Class") for settlement purposes only under Federal Rules of Bankruptcy Procedure 7023(b)(1):

> Every person who was a member in the CMR Mortgage Fund, LLC ("Fund I"), CMR Mortgage Fund II, LLC ("Fund II"), and/or CMR Mortgage Fund III, LLC ("Fund III") (collectively "Debtor Funds") as of April 30, 2008 or the successor in interest, if any, to such person.

3.  <u>Preliminary Appointments</u>.  The Court preliminarily appoints Plaintiffs William Bergman, Richard and Catherin Tiesso as Trustees of the Tiesso Revocable Trust, and John Sherwood as class representatives for the Settlement Class, and McNutt Law Group, LLP and Lee Law Offices as Counsel for the Settlement Class.

4.  <u>Preliminary Findings Concerning Proposed Settlement</u>.  The Court preliminarily finds that

the proposed Settlement satisfies Federal Rules of Bankruptcy Procedure 7023(e) and 7023.1(c) and should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) fair, reasonable and adequate; (iii) not having obvious deficiencies; (iv) not improperly granting preferential treatment to the Named Plaintiffs or segments of the Settlement Class; (v) falling within the range of possible approval; and (vi) warranting notice to Settlement Class members of a formal fairness hearing, at which evidence may be presented in support of and in opposition to the proposed Settlement.

5.    <u>Payments by Contributing Insurers</u>.  The Court finds that the payments by the Contributing Insurers as provided for in the Settlement Agreement do not violate 11 U.S.C. §362, and the Contributing Insurers are hereby authorized to make such payments.

6.    <u>Fairness Hearing</u>.  A hearing is scheduled for ___, 2012 (the "Fairness Hearing") to determine, among other things:

    a.    Whether the settlement should be finally approved as fair, reasonable and adequate;

    b.    Whether the litigation should be dismissed with prejudice, and any individual claims by members of the Settlement Class permanently should be enjoined, pursuant to the terms of the Settlement Agreement;

    c.    Whether the Class Notice (i) constitutes the best practicable notice; (ii) constitutes notice reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to notice; and (iv) meets all applicable requirements of the Federal Rules of Bankruptcy Procedure and any other applicable law;

    d.    Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement;

    e.    Whether the Plan of Allocation should be approved; and

    f.    Whether the application for attorneys' fees and expenses filed by Class Counsel should be approved.

7. <u>Notices</u>. A proposed form of Class Notice is attached hereto as Exhibit 1. The Court finds that the form fairly and adequately: (i) describes the terms and effect of the Settlement Agreement and of the settlement; (ii) notifies the Settlement Class that Class Counsel will seek attorneys' fees plus reimbursement of expenses; (iv) gives notice to the Settlement Class of the time and place of the Fairness Hearing; and (v) describes how the recipients of the Class Notice may object to any of the relief requested.

The Court directs that, pursuant to the Settlement Agreement, Class Counsel shall:

- Within __ days of entry of this Order, cause the Class Notice attached hereto as Exhibit 1, with blanks completed and such non-substantive and formatting modifications as may be appropriate, to be sent to each member of the Settlement Class as shown in the records of the Debtor Funds and/or the Chapter 11 Trustee. The notice shall be sent by first-class mail, postage prepaid, to the Settlement Class members' last known addresses.

- Within ___ days of entry of this Order, cause Publication Notice in the form attached hereto as Exhibit 2 [to be supplied], with blanks completed and such non-substantive and formatting modifications as may be agreed upon by the Parties, to be published on one occasion in the San Francisco Chronicle and by electronic publication on www.businesswire.com.

The Court directs that Class Counsel shall:

- Within __ days of entry of this Order, cause the Settlement Agreement with all of its exhibits and the Class Notice to be posted on the website identified in the Class Notice.

- At or before the Fairness Hearing, file with the Court a proof of timely compliance with the foregoing mailing and publication requirements.

8. <u>Objections to Settlement</u>. Any member of the Settlement Class who wishes to object to the fairness, reasonableness, or adequacy of the settlement, to the Plan of Allocation, to any term of the Settlement Agreement, or to the proposed award of attorneys' fees and expenses may file an objection. An objector must file with the Court a statement of his or her objections, specifying the

PRELIMINARY APPROVAL ORDER

reasons, if any, for each objection, including any legal support or evidence that the objector wishes to bring to the Court's attention.  The objector must also mail the objection and all supporting law and evidence to Class Counsel, the Chapter 11 Trustee, and to Defendants' Counsel. The addresses for filing objections with the Court and service on counsel are as follows:

To the Court:

> Hon. Thomas E. Carlson
> United States Bankruptcy Court for the Northern District of California
> Courtroom 23
> 235 Pine Street
>  San Francisco, California 94104-2791
> Telephone: (415) 268-2300

To Class Counsel:

> Scott H. McNutt
> McNutt Law Group, LLP
> 188 The Embarcadero, Suite 800
> San Francisco, California 94105
> Telephone: (415) 995-8475
> Facsimile: (415) 995-8487

To the Chapter 11 Trustee:

> Richard M Kipperman
> Corporate Management, Inc.
> P.O. Box 3010
> La Mesa, CA 91944.3010
> Phone:      619-668-4500
> Facsimile:  619-668-9014

> With a copy to:
> David M. Bertenthal
> Pachulski Stang Ziehl & Jones LLP
> 150 California Street, 15th Floor
> San Francisco, CA 94111
> Phone:  415-263-7000
> Facsimile:  415-263-7010

To Defendants' Counsel:

> Richard Gallagher
> Orrick, Herrington & Sutcliffe LLP
> 405 Howard Street
> San Francisco, California 94105-2669

Telephone: (415) 773-5700
Facsimile: (415) 733-5759

The objector or his or her counsel (if any) must effect service of the objection on counsel listed above and file it with the Court so that it is received by no later than _____, 2012.  If an objector hires an attorney to object pursuant to this paragraph, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court by no later than _____, 2012.  Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the settlement, and all untimely objections shall be barred.

9.  <u>Appearance at Fairness Hearing</u>.  Any objector who files and serves a timely, written objection may appear at the Fairness Hearing either in person or through counsel retained at the objector's expense.  Objectors or their attorneys intending to appear at the Fairness Hearing must effect service of notice of intention to appear setting forth the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel, the Chapter 11 Trustee, and Defendants' Counsel (at the addresses set out above).  The objector must also file the notice of intention to appear with the Court by no later than _____, 2012.  Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

10. <u>Service of Papers</u>.  If it appears that any objections were not properly served, the Parties shall furnish each other's counsel with copies of any and all such objections that come into their possession promptly after learning of the deficiency in service.

11. <u>Fee Petition</u>.  Class Counsel shall file an application for attorneys' fees and expenses no later than _____, 2012.

12. <u>Injunction</u>.  Pending the final determination of the fairness, reasonableness and adequacy of the proposed Settlement, all members of the Settlement Class are enjoined from instituting, commencing, or prosecuting any action against Defendants based on the Estate and Class Released

Claims, and all proceedings in the Adversary Proceeding, except those related to approval of the settlement, are stayed.

13. <u>No Settlement Discovery</u>.  No discovery by any person with regard to the Settlement or the Settlement Agreement shall be permitted as to any of the settling parties other than as may be directed by the Court upon a proper showing by the person seeking such discovery pursuant to a motion that has been noticed and served in accordance with the applicable requirements of this Court.

14. <u>Approval Pursuant to Rule 9019</u>.  The Chapter 11 Trustee and/or the Official Committee of Equity Security Holders of the Debtor Funds shall file a motion seeking approval of the Settlement Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019.  Such motion shall be filed in the consolidated Chapter 11 case of the Debtor Funds, Case No. 08-32220 (the "Bankruptcy Case"), and shall be set for hearing at the same date and time as the Fairness Hearing.  Notice of such motion shall be provided as required for motions in the Bankruptcy Case in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court.

15. <u>Termination of Settlement</u>.  This Order shall become void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing as of _____, 2012 [Agreement Execution Date] if the settlement is terminated in accordance with the provisions of the Settlement Agreement or does not receive final approval.

16. <u>Use of Order</u>.  This Order is entered in compromise of disputed claims and does not reflect admissions of liability of any kind, whether legal or factual, by Defendants.  Plaintiffs believe they have a good chance of prevailing in the event of trial, but settle in recognition of the inherent uncertainty of litigation and Defendants' wasting insurance policies.  Neither the fact nor the terms of this Order shall be used or construed as an admission, concession, or declaration of Defendants' fault or wrongdoing, or as a waiver by any Party of any arguments, defenses, or claims he, she or it may have.

17. <u>Continuance of Hearing</u>.  The Court may, in its discretion, continue the Fairness Hearing without further notice.

Dated this _____ day of _____, 2012.

8

PRELIMINARY APPROVAL ORDER

```
1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
```

_____

Honorable Thomas E. Carlson
United States Bankruptcy Judge

# Exhibit C
## To Settlement Agreement

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>CMR MORTGAGE FUND, LLC,<br>CMR MORTGAGE FUND II, LLC,<br>CMR MORTGAGE FUND III, LLC,<br><br>Debtors. | Case Nos.   08-32220 TEC<br><br>(Substantively Consolidated with Case Nos.09-30788 TEC and 09-30802 TEC)<br><br>Chapter 11<br><br>Adv No.        10-03107 |
| WILLIAM BERGMAN, RICHARD and CATHERINE TIESSO as Trustees of the TIESSO REVOCABLE TRUST, JOHN C. SHERWOOD, individually and as members of the OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS and on behalf of a class consisting of the members of CMR Mortgage Fund I, LLC CMR Mortgage Fund II, LLC, CMR Mortgage Fund III, LLC,<br><br>            Plaintiffs,<br><br>      vs.<br><br>CALIFORNIA MORTGAGE AND REALTY, INC., DAVID CHOO,<br><br>            Defendants. | **[PROPOSED] ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTRY OF FINAL JUDGMENT** |

WHEREAS on _____, 2012, the Parties in the above action and certain affiliates and the Chapter 11 Trustee have filed the Class and Derivative Action Settlement Agreement,

[PROPOSED] FINAL ORDER

which was approved by the Contributing Insurers[1] ("Settlement Agreement"), the terms of which are incorporated in their entirety by this reference, and the Court has considered Plaintiffs' Motion for Approval of Settlement, Settlement Allocation, and for Entry of Final Judgment, and Class Counsel's Motion for Award of Attorneys' Fees and Costs (collectively "Motions");

WHEREAS the Court entered the Findings and Order Preliminarily Approving Proposed Settlement, Preliminarily Certifying Settlement Class, Approving Form and Dissemination of Class Notice, and Setting Date for Hearing on Final Approval (the "Preliminary Approval Order") on _____, 2012, which specified the manner in which Class Counsel was to provide notice of the proposed Settlement Agreement to the Settlement Class preliminarily certified by the Court, and scheduled a hearing at which the Court would determine whether to approve the settlement;

WHEREAS the Court found that the members of the Settlement Class received valid, due, and sufficient notice in conformity with the requirements of Rules 7023 and 7023.1[2];

WHEREAS a Hearing on Final Approval was held on _____, 2012, at which all interested persons were given a full opportunity to object to, or be heard, regarding the Settlement Agreement;

WHEREAS the Contributing Insurers transferred funds into an escrow account for the benefit of the claimants in accordance with the Settlement Agreement as of _____, 2012, at which time the beneficial interest in such funds passed to the claimants;

WHEREAS the Settlement is the result of good faith and arms' length negotiations among the parties, including certain negotiations conducted in the context of a mediation;

WHEREAS the Court has read and considered all submissions made in connection with the proposed Settlement

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

---

[1] Unless otherwise defined in this Order capitalized terms shall have the meaning ascribed to them in the Settlement Agreement.

[2] All rule references are the Federal Rules of Bankruptcy Procedure.

3                                                                 [PROPOSED] FINAL ORDER

1. The Court has jurisdiction over the Action and over all Parties in the Action pursuant to 28 U.S.C. § 1334(b) and the United States District Court for the Northern District of California General Order No. 24 referring bankruptcy proceedings to bankruptcy judges;

2. In accordance with the Court's Preliminary Approval Order, notice was timely given by mail to all members of the Class. The form and manner of delivery to the Class members met the requirements of Rules 7023 and 7023.1 and due process, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all members of the Class. Certification under Federal Rules of Bankruptcy Procedure 7023(b)(1) of the Settlement Class consisting of

> Every person who was a member in the CMR Mortgage Fund, LLC ("Fund I"), CMR Mortgage Fund II, LLC ("Fund II"), and/or CMR Mortgage Fund III, LLC ("Fund III") (collectively "Debtor Funds") as of April 30, 2008 or the successor in interest, if any, to such person

is hereby confirmed.

3. The motion for final approval of the Settlement is hereby GRANTED. The Court has reviewed the Settlement Agreement, and all related terms and conditions, and finds that they are fair, reasonable, and adequate in all respects and have been negotiated in good faith in arms' length transactions. The parties to the settlement are authorized and directed to consummate the Settlement Agreement and to perform under the terms of the Settlement Agreement. The Action is dismissed with prejudice.

4. The Class members shall be bound by the Settlement Agreement, and the remedies provided by the Settlement Agreement, and shall be precluded from pursuing any other action, demand, suit, or other claim, in any judicial or administrative forum whatsoever, against the Defendants with respect to the Estate and Class Released Claims.

5. The Plan of Allocation set forth in Exhibit A hereto is hereby APPROVED.

6. For the reasons set forth in Class Counsels' motion for an award of attorneys' fees and reimbursement of expenses, that motion is hereby GRANTED and Class Counsel is awarded $_____ in attorneys' fees and $_____ in expenses, to be paid from the Settlement Fund [as determined by the court].

7.   The Court holds that the payments by the Contributing Insurers as provided for in the Settlement Agreement do not violate 11 U.S.C. §362.

8.   The Court reserves jurisdiction over the implementation of the Settlement Agreement for all purposes, including without limitation all matters relating to the administration and interpretation of the Settlement Agreement and this Order.

9.   There is no just reason for delay in the entry of this Order Approving Settlement and Final Judgment and the Clerk of the Court is directed to enter same forthwith as the final judgment in this action pursuant to Rule 7058.

DATED:

_____

Honorable Thomas E. Carlson
United States Bankruptcy Judge

5

PROPOSED FINAL ORDER

# Exhibit D
## To Settlement Agreement

# EXHIBIT D

## Entities

78 First Street, LLC

88 First Street, LLC

518 Mission Street, LLC

62 First Street, LLC

50 First Street, LLC

First/Jessie LLC

Marcus Heights, LLC

Canyon Way, LLC

1540 Market Street NV, LLC

Title Two Investment Corporation

524 Howard Manager, LLC

Vista Reverse 4, LLC

CMR Income Fund

**Real Property**

First and Mission Street
properties, San Francisco, CA

1510, 1520, 1540 Market & 11
Oak, San Francisco, CA

Vacant land, Scotts Valley, CA

DOCS_SF:76912.2
OHS West:261175896.2

# Exhibit E
## To Settlement Agreement

**ESCROW AGREEMENT**

1.        **Recitals.**

This Escrow Agreement (the "Escrow Agreement") is made and entered into on _____ \_\_\_, 2012, in connection with the concurrently executed Class and Derivative Action Settlement Agreement (including its exhibits, the "Settlement Agreement"). This Escrow Agreement is entered into on behalf of: the Plaintiffs and the Settlement Class, the Chapter 11 Trustee, the Defendants, and the Contributing Insurers, all as defined in the Settlement Agreement, by and through their respective counsel and/or authorized signatories (all of the above collectively referred to as the "Parties").

WHEREAS the Parties have entered into or approved the Settlement Agreement, which is subject to approval by Final Order[1] of the Bankruptcy Court; and

WHEREAS each of the Contributing Insurers has agreed that it will make a payment pursuant Section 4 of the Settlement Agreement into a Settlement Account upon entry of the Preliminary Approval Order, and subject to the terms and conditions contained in the Settlement Agreement; and

WHEREAS the Parties intend for this Escrow Agreement to set forth the terms and conditions with respect to the deposits into and disbursements from the Settlement Fund in accordance with the terms and conditions of the Settlement Agreement

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the undersigned, on behalf of the Plaintiffs and the Settlement Class, the Chapter 11 Trustee, the Defendants, and the Contributing Insurers, that this Escrow Agreement is entered into upon the following terms and conditions:

---

[1] The capitalized words and terms used in this Escrow Agreement which are not defined herein shall have the meaning ascribed to them in the Settlement Agreement.

225896.1

1

## 2. Establishment of the Escrow Account.

Pursuant to and in accordance with Sections 4 and 9.2 of the Settlement Agreement, within ten (10) business days of entry of the Preliminary Approval Order

    (a)    Indian Harbor Insurance Company will pay $1,506,862.78 (One Million Five Hundred Six Thousand Eight Hundred Sixty-Two Dollars and Seventy-Eight Cents);  and

    (b)    Certain Underwriters at Lloyd's, London will pay the amount of $2,550,000 (Two Million Five Hundred and Fifty Thousand Dollars)

by wire transfer, into an escrow account (the "Escrow Account") at [name of bank or other institution], located at _____. The Escrow Account shall be established by and through the Escrow Agent (defined in Section 3 below), on behalf of the Chapter 11 Trustee, the Settlement Class, and an authorized representative of [name of bank or other institution] pursuant to an agreement with [name of bank or other institution] ("Bank Agreement").

The Escrow Account shall be a segregated interest bearing account and shall be subject to the continuing jurisdiction of the Bankruptcy Court until such time as all funds therein have been distributed pursuant to the Settlement Agreement, the terms of this Escrow Agreement and/or further orders of the Bankruptcy Court. The funds in the Escrow Account shall not be subject to claims of any creditors of the Defendants.

The Escrow Account shall be invested solely in United States Treasury Bills or other comparable risk-free investments.  The Escrow Agent shall separately invest and account for the funds contributed by Indian Harbor Insurance Company and by Certain Underwriters at Lloyd's, London.

Except as provided in the Settlement Agreement, all interest, dividends, and other distributions and payments in connection with the investment of the Escrow Account shall accrue to the

benefit of the Escrow Account.

### 3. Appointment of Escrow Agent; Duties.

The Chapter 11 Trustee shall designate the person that shall serve as the escrow agent ("Escrow Agent"); provided, however, that all Parties hereby expressly acknowledge and agree that such designation will merely be a designation and that the Chapter 11 Trustee gives no assurances whatsoever regarding the Escrow Agent's performance of its duties and responsibilities hereunder or otherwise and that the Chapter 11 Trustee shall have no liability whatsoever in connection with the Escrow Agent's conduct or performance under this Escrow Agreement. The Escrow Agent shall establish the Escrow Account and sign and enter into a Bank Agreement for the Escrow Account. The Escrow Agent shall have the following duties:

(a) The Escrow Agent shall provide regular periodic reports to the Parties concerning the activities of the Escrow Account.

(b) At no time may funds be withdrawn from the Escrow Account, except as expressly provided in the Settlement Agreement or in this Escrow Agreement.

(c) The Escrow Agent shall have the authority to sell or liquidate the investments in the account whenever the Escrow Agent shall be required to release funds from the Escrow Account pursuant to the terms of this Escrow Agreement and the Settlement Agreement.

### 4. Designation of Escrow Account as Qualified Settlement Fund.

The Parties intend that the Escrow Account is to be a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1 and any analogous local, state, and/or foreign statute, law, rule, or regulation. The Escrow Agent shall timely take all steps necessary for qualifying the Escrow Account as a Qualified Settlement Fund. The Parties designate the Escrow Agent as the administrator of the Qualified Settlement Fund. The obligations of the Escrow Agent include, without limitation, the following:

225896.1

3

(a)     payments of the reasonable costs of Class Notice pursuant to Section 9.1 of the Settlement Agreement, upon presentation by Class Counsel, receipt of the final order, and written approval by the Chapter 11 Trustee;

(b)     payment of fees and costs incurred in the defense of the Coverage Action, case no. CV 11-0724 WHA, upon presentation by Defendants' Counsel, receipt of the final order, and written approval by the Chapter 11 Trustee; and

(c)     disbursement of the Settlement Fund pursuant to Section 12.3 of the Settlement Agreement, the Plan of Allocation, and the award of attorneys' fees and costs approved by the Bankruptcy Court.

The Escrow Agent shall have the authority to perform the obligations set forth above in Sections 4(a)-(b) upon receipt of the respective written approval(s) specified in each sub-section, and the obligations set forth above in Section 4(c) upon receipt of the Final Order, without further written authorization from the Parties. In the event the Escrow Agent is requested or proposes to make a disbursement other than (i) as set forth above in Sections 4(a) through 4(c), or (ii) as provided in Section 5 below, or the specified presentations and approvals are not provided to the Escrow Agent, the express written authorization from each of the Parties or a court order shall first be obtained.

The Escrow Agent shall reserve, prior to disbursement of any amounts pursuant to paragraph 4(c) hereof, sufficient funds out of the Settlement Fund to pay for taxes, fees, costs and expenses required to carry out the obligations set forth herein. Without limiting the foregoing, the Escrow Agent shall be entitled to receive, from and out of the Settlement Fund, compensation for its services hereunder (including, without limitation, reimbursement of its reasonable and customary costs and expenses actually incurred in connection with this Escrow Agreement).

**5.     Termination of the Settlement Agreement.**

If the Settlement Agreement terminates pursuant to Section 13 of the Settlement Agreement then, upon notification of termination by the Chapter 11 Trustee with at least five (5) days'

Case: 10-03107   Doc# 37-1   Filed: 05/18/12   Entered: 05/18/12 18:54:51   Page 64 of 69

notice to the Parties, or an order of the Bankruptcy Court, the Escrow Agent shall return the funds contributed into the Escrow Account pursuant to Section 13.2 of the Settlement Agreement as follows:

(a)     The funds contributed by Indian Harbor Insurance Company, shall be returned to Indian Harbor Insurance Company. In no event shall the amount to be repaid to Indian Harbor be reduced by any payments made pursuant to Sections 4(a) or 4(b) above.

(b)     The funds contributed by Certain Underwriters at Lloyd's, London shall be returned to Certain Underwriters at Lloyd's, London. In no event shall the amount to be repaid to Certain Underwriters at Lloyd's, London, be reduced by any payments made pursuant to Sections 4(a) or 4(b) above.

6.     **Termination of the Escrow Agreement**

This Escrow Agreement shall be terminated upon the distribution of the entire balance of the Escrow Account pursuant to the terms hereof and may be terminated at any other time upon the mutual written consent of the Parties. Upon such termination, and without the need for any further action, the Escrow Agent shall be discharged from all obligations under this Escrow Agreement.

7.     **Relationship to Settlement Agreement; Definitions and Construction.**

In the event of any inconsistency or conflict between the terms and conditions (including the definitions) of the Settlement Agreement and this Escrow Agreement, the terms and conditions (including the definitions) of the Settlement Agreement shall control. Any ambiguities in this Escrow Agreement shall be resolved in a manner consistent with the Settlement Agreement. Each of the Parties hereunder agrees to execute and deliver to the Escrow Agent such instructions under this Escrow Agreement as are necessary or appropriate to carry out the terms and provisions of this Escrow Agreement and the Settlement Agreement.

8.     **Integrated Agreement**

This Escrow Agreement (including its expressly incorporated documents) contains an

Case: 10-03107   Doc# 37-1   Filed: 05/18/12   Entered: 05/18/12 18:54:51   Page 65 of 69

entire, complete, and integrated statement of each and every term and condition agreed to by and among the Parties, and is not subject to any term and condition not provided for herein, except as set forth in the Bank Agreement. This Escrow Agreement shall not be modified in any respect except by a writing executed by duly authorized representatives of all the Parties hereto. In entering into this Escrow Agreement, no Party has made or relied on any warranty or representation not specifically set forth herein.

### 9. Headings.

The headings used in this Escrow Agreement are for the convenience of the reader only and shall not affect the meaning or interpretation of this Escrow Agreement.

### 10. Choice of Law.

This Escrow Agreement is made in the State of California, and all terms of this Escrow Agreement shall be governed by and interpreted according to the substantive laws of the State of California without regard to its choice of law or conflict of law principles.

### 10. Authorization to Enter Escrow Agreement.

Each of the undersigned representatives of each of the Parties represents that he/she is fully authorized to enter into, and to execute, this Escrow Agreement on behalf of that Party. Each of the Parties agrees that, in return for the agreements herein, he/she/it is receiving good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged.

### 11. Signature.

The Parties may sign this Escrow Agreement in counterparts, and the signature of counterparts shall have the same effect as if the same instrument had been signed. Facsimile and email signatures shall be considered as valid signatures, although the original signature pages shall thereafter be appended to this Escrow Agreement.

### 12. Resolution of Disputes; Jurisdiction.

225896.1

6

Any disputes concerning the matters contained in this Escrow Agreement shall, if they cannot be resolved by negotiation and agreement, he submitted to the Bankruptcy Court. The Bankruptcy Court shall retain personal and subject matter jurisdiction over the implementation and enforcement of this Escrow Agreement and any other agreement executed pursuant hereto or in connection herewith.

### 13. Notice.

Any notice required by this Escrow Agreement shall be given pursuant to the notice provisions of the Settlement Agreement.

### 14. Attorneys' Fees

The prevailing Party(ies) in any action to interpret or enforce the terms of this Escrow Agreement shall be entitled to have and recover from the non-prevailing Party(ies) all costs of suit, including, without limitation, the reasonable fees and disbursements of its attorneys, and all court or tribunal costs.

### 15. Limited Recourse to Trustee

All other Parties hereto acknowledge that the Chapter 11 Trustee (Richard M Kipperman) is a Party to this Escrow Agreement solely in his capacity as chapter 11 trustee of the bankruptcy estates of CMR Mortgage Fund, LLC, CMR Mortgage Fund II, LLC, and CMR Mortgage Fund III, LLC and that in the event of any default in the performance of any of the Chapter 11 Trustee's obligations under this Escrow Agreement, or in the event that any other claim is asserted against any of such bankruptcy estates or Chapter 11 Trustee in connection with this Escrow Agreement, Richard M Kipperman shall in no event have any personal liability whatsoever (whether in his individual capacity or otherwise), it being expressly understood and agreed that the other Parties' sole recourse, if any, in such event shall be to the assets of the above-referenced bankruptcy estates.

IN WITNESS WHEREOF, the Parties have executed this Escrow Agreement on the dates set forth below.

225896.1

7

Dated: _____2012          DAVID CHOO

Dated: _____2012          CALIFORNIA MORTGAGE AND REALTY, INC.

By: _____

Dated: _____2012          CALIFORNIA MORTGAGE AND REALTY ASSET MANAGEMENT, INC., CMR GROUP, LLC, CMR INCOME FUND, LLC, CMR COMMERCIAL MORTGAGE FUND, LLC

By: _____

Dated: _____2012          CHAPTER 11 TRUSTEE

By: _____
Richard M. Kipperman, solely in his capacity as chapter 11 trustee for the substantively-consolidated bankruptcy estates of CMR Mortgage Fund, LLC, CMR Mortgage Fund II, LLC, and CMR Mortgage Fund III, LLC

Case: 10-03107    Doc# 37-1    Filed: 05/18/12    Entered: 05/18/12 18:54:51    Page 68 of 69

Dated: _____2012        MᴄNUTT LAW GROUP LLP

By: _____
                Scott McNutt
        Attorneys for Plaintiffs and the Settlement Class

Dated: _____2012        LEE LAW OFFICES

By: _____
                Monika P. Lee
        Attorneys for Plaintiffs and the Settlement Class

Dated: _____2012        INDIAN HARBOR INSURANCE COMPANY

By: _____
                Leslie S. Ahari
        Attorneys for Indian Harbor Insurance Company

Dated: _____ 2012        UNDERWRITERS AT LLOYD'S, LONDON

By: _____
                Ted Smith
        Attorneys for Certain Underwriters at Lloyd's, London