

**Signed and Filed: November 1, 2012**

**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**

1  McNUTT LAW GROUP LLP
   SCOTT H. MCNUTT (CSBN 104696)
2  SHANE J. MOSES (CSBN 250533)
   188 The Embarcadero, Suite 800
3  San Francisco, California 94105
   Telephone: (415) 995-8475
4  Facsimile: (415) 995-8487

5  LEE LAW OFFICES
   MONIKA P. LEE (CSBN 117019)
6  1700 South El Camino Real, Suite 450
   San Mateo, California 94402
7  Telephone: (650) 212 3400
   Facsimile: (650) 212 3404

8

9  Attorneys for Plaintiffs William Bergman, Richard and Catherine Tiesso as Trustees
   of the Tiesso Revocable Trust, and John C. Sherwood

10              UNITED STATES BANKRUPTCY COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                  SAN FRANCISCO DIVISION

13  In re                                    Case No.    08-32220 TEC

14  CMR MORTGAGE FUND, LLC,                  (Substantively Consolidated with Case Nos.
    CMR MORTGAGE FUND II, LLC,               09-30788 TEC and 09-30802 TEC)
15  CMR MORTGAGE FUND III, LLC,
                                             Chapter 11
16              Debtors.
    _____        Adv No.    10-03107
17  WILLIAM BERGMAN, RICHARD and
18  CATHERINE TIESSO as Trustees of the      **FINDINGS AND ORDER**
    TIESSO REVOCABLE TRUST, JOHN C.          **PRELIMINARILY APPROVING**
    SHERWOOD,  individually and as members   **PROPOSED SETTLEMENT,**
19  of the OFFICIAL COMMITTEE OF EQUITY      **PRELIMINARILY CERTIFYING**
    SECURITY HOLDERS and on behalf of a      **SETTLEMENT CLASS, APPROVING**
20  class consisting of the members of CMR   **FORM AND DISSEMINATION OF**
    Mortgage Fund I, LLC CMR Mortgage Fund   **CLASS NOTICE, AND SETTING DATE**
21  II, LLC, CMR Mortgage Fund III, LLC,     **FOR HEARING ON FINAL APPROVAL**

22              Plaintiffs,                  Complaint filed: June 25, 2010

23          vs.

24  CALIFORNIA MORTGAGE AND REALTY,
    INC., DAVID CHOO,
25
                Defendants.
26

27

28

This adversary proceeding involves claims of mismanagement, breach of fiduciary duty, fraud, negligence, and other wrongful acts by California Mortgage and Realty, Inc. ("CMRI"), the manager of the three CMR Mortgage Funds ("Debtor Funds"), and its principal, David Choo. The plaintiffs, on behalf of themselves and a class consisting of members of the Debtor Funds, seek to recover losses they incurred both directly and as a result of the losses suffered by the Debtor Funds.

Presented to the Court for preliminary approval is a global settlement of the claims asserted in the adversary proceeding and other claims between CMRI and Choo, on one hand, and the Debtor Funds and their members on the other hand. The terms of the settlement are set out in the Class and Derivative Action Settlement Agreement ("Settlement Agreement") fully executed on June 15, 2012[1].

On June 15, 2012, the Court held a hearing at which it preliminarily considered the settlement to determine, among other things, whether it warrants the issuance of notice to members of the Settlement Class. Subsequently, the Court received additional briefing and held further hearings. Upon reviewing the Settlement Agreement, pleadings and papers on file with the Court, and the arguments made at the hearings, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. <u>Preliminary Findings Regarding Class Certification</u>. The Court preliminarily finds, for settlement purposes only, that the requirements of the United States Constitution, the Federal Rules of Civil Procedure, the Local Rules of the United States Bankruptcy Court for the Northern District of California, and any other applicable laws have been met as to the "Settlement Class" defined below, in that:

(a) The Settlement Class is cohesive and well defined;

(b) The members of the Settlement Class are ascertainable from records kept by the Debtor Funds, and the members of the Settlement Class are so numerous that their joinder

---

[1] Unless otherwise defined in this Order capitalized terms shall have the meaning ascribed to them in the Settlement Agreement.

{00009436.}  Case: 10-03107    Doc# 69    Filed: 11/01/12    Entered: 11/02/12 13:47:17    Page 2 of
21

1    before the Court would be impracticable.  The Court also finds that California Corporations Code

2    § 17500, dispensing with the numerosity requirement, applies;

3            (c)    Based on the allegations in the First Amended Complaint, the Court

4    preliminarily finds that there are one or more questions of fact and law common to the Settlement

5    Class;

6            (d)    Based on the allegations in the First Amended Complaint, the Court finds

7    that the claims of the Plaintiffs are typical of the claims of the Settlement Class;

8            (e)    The Plaintiffs will fairly and adequately protect the interests of the

9    Settlement Class in that: (i) the interests of Plaintiffs and the nature of their alleged claims are

10   consistent with those of the members of the Settlement Class; (ii) there appear to be no conflicts

11   among the Plaintiffs and the Settlement Class; and (iii) Plaintiffs and the members of the

12   Settlement Class are represented by qualified, reputable counsel who are experienced in preparing

13   and prosecuting complex actions in federal court;

14           (f)    The prosecution of separate actions by individual members of the

15   Settlement Class would create a risk of:  (i) inconsistent or varying adjudications as to individual

16   Settlement Class members that would establish incompatible standards of conduct for the parties

17   opposing the claims asserted in the Action; and (ii) adjudications as to individual Settlement Class

18   members would, as a practical matter, be dispositive of the interests of the other Settlement Class

19   members not parties to the adjudications, or substantially impair or impede the ability of those

20   persons to protect their interests.

21       2.    Preliminary Certification.  Based  on the findings set out in paragraph 1, above, the

22   Court preliminarily certifies the following class (the "Settlement Class") for settlement purposes

23   only under Federal Rules of Bankruptcy Procedure 7023(b)(1):

24

25           Every person who was a member in the CMR Mortgage Fund, LLC
             ("Fund I"), CMR Mortgage Fund II, LLC ("Fund II"), and/or CMR
26           Mortgage Fund III, LLC ("Fund III") (collectively "Debtor Funds") as
             of April 30, 2008 or the successor in interest, if any, to such person.

27

28

Case: 10-03107    Doc# 69    Filed: 11/01/12    Entered: 11/02/12 13:47:17    Page 3 of
21
FINDINGS AND ORDER PRELIMINARILY
APPROVING PROPOSED SETTLEMENT

3.   Preliminary Appointments.  The Court preliminarily appoints Plaintiffs William Bergman, Richard and Catherine Tiesso as Trustees of the Tiesso Revocable Trust, and John Sherwood as class representatives for the Settlement Class, and McNutt Law Group, LLP and Lee Law Offices as Counsel for the Settlement Class.

4.   Preliminary Findings Concerning Proposed Settlement.  The Court preliminarily finds that the proposed Settlement satisfies Federal Rules of Bankruptcy Procedure 7023(e) and 7023.1(c) and should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) fair, reasonable and adequate; (iii) not having obvious deficiencies; (iv) not improperly granting preferential treatment to the Named Plaintiffs or segments of the Settlement Class; (v) falling within the range of possible approval; and (vi) warranting notice to Settlement Class members of a formal fairness hearing, at which evidence may be presented in support of and in opposition to the proposed Settlement.

5.   Payments by Contributing Insurers.  The Court finds that the payments by the Contributing Insurers as provided for in the Settlement Agreement do not violate 11 U.S.C. §362, and the Contributing Insurers are hereby authorized to make such payments.

6.   Fairness Hearing.  A hearing is scheduled for December 14, 2012 at 10:30 a.m. (the "Fairness Hearing") to determine, among other things:

(a)   Whether the settlement should be finally approved as fair, reasonable and adequate;

(b)   Whether the litigation should be dismissed with prejudice, and any individual claims by members of the Settlement Class permanently should be enjoined, pursuant to the terms of the Settlement Agreement;

(c)   Whether the Class Notice (i) constitutes the best practicable notice; (ii) constitutes notice reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to notice; and (iv) meets all applicable requirements of the Federal Rules of Bankruptcy Procedure and any other applicable law;

1          (d)     Whether Class Counsel adequately represented the Settlement Class for

2   purposes of entering into and implementing the Settlement Agreement;

3          (e)     Whether the Plan of Allocation should be approved; and

4          (f)     Whether the application for attorneys' fees and expenses filed by Class

5   Counsel should be approved.

6       7.   <u>Notices</u>.  The Class Plaintiffs' proposed form of Class Notice is attached hereto as

7   **<u>Exhibit A</u>**.  The Court finds that the form fairly and adequately: (i) describes the terms and effect

8   of the Settlement Agreement and of the settlement; (ii) notifies the Settlement Class that Class

9   Counsel will seek attorneys' fees plus reimbursement of expenses; (iv) gives notice to the

10  Settlement Class of the time and place of the Fairness Hearing; and (v) describes how the

11  recipients of the Class Notice may object to any of the relief requested.

12  The Court directs that, pursuant to the Settlement Agreement, Class Counsel shall:

13      &bull;   No later than November 2, 2012, cause the Class Notice in the form attached, with

14         blanks completed and such non-substantive and formatting modifications as may be

15         appropriate, to be sent to each member of the Settlement Class as shown in the

16         records of the Debtor Funds and/or the Chapter 11 Trustee.  The notice shall be

17         sent by first-class mail, postage prepaid, to the Settlement Class members' last

18         known addresses.

19      &bull;   Class Counsel may, no later than November 11, cause publication of notice of

20         notice, to be published on one occasion in the San Francisco Chronicle and/or

21         Contra Costa Times.  Such notice by publication shall provide notice: (i) that a

22         settlement has been proposed in the Class Action, (ii) that the settlement affects the

23         rights of all members of the CMR Funds, (iii) of how to obtain more information

24         on the settlement (iv) of the time and place of the Final Hearing, and (v) of the

25         deadline to file any objection.

26  The Court directs that Class Counsel shall:

27      &bull;   No later than November 2, 2012, cause the Settlement Agreement with all of its

28         exhibits and the Class Notice to be posted on the website identified in the Class

Case: 10-03107   Doc# 69   Filed: 11/01/12   Entered: 11/02/12 13:47:17   Page 5 of
21

Notice.

- At or before the Fairness Hearing, file with the Court a proof of timely compliance with the foregoing mailing and publication requirements.

8.    Objections to Settlement.  Any member of the Settlement Class who wishes to object to the fairness, reasonableness, or adequacy of the settlement, to the Plan of Allocation, to any term of the Settlement Agreement, or to the proposed award of attorneys' fees and expenses may file an objection.  An objector must file with the Court a statement of his or her objections, specifying the reasons, if any, for each objection, including any legal support or evidence that the objector wishes to bring to the Court's attention.  The objector must also mail the objection and all supporting law and evidence to Class Counsel, the Chapter 11 Trustee, and to Defendants' Counsel. The addresses for filing objections with the Court and service on counsel are as follows:

To the Court:

> United States Bankruptcy Court
> 235 Pine Street, 19th Floor
> San Francisco, CA 94104
> Telephone: (415) 268-2300

To Class Counsel:

> Scott H. McNutt
> McNutt Law Group, LLP
> 188 The Embarcadero, Suite 800
> San Francisco, California 94105
> Telephone: (415) 995-8475
> Facsimile: (415) 995-8487

To the Chapter 11 Trustee:

> Richard M Kipperman
> Corporate Management, Inc.
> P.O. Box 3010
> La Mesa, CA 91944.3010
> Phone:      619-668-4500
> Facsimile:  619-668-9014

With a copy to:

> David M. Bertenthal
> Pachulski Stang Ziehl & Jones LLP
> 150 California Street, 15th Floor
> San Francisco, CA 94111
> Phone:  415-263-7000
> Facsimile:  415-263-7010

Case: 10-03107    Doc# 69    Filed: 11/01/12    Entered: 11/02/12 13:47:17    Page 6 of 21

To Defendants' Counsel:

Richard Gallagher
Orrick, Herringon & Sutcliffe LLP
405 Howard Street
San Francisco, California 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 733-5759

The objector or his or her counsel (if any) must effect service of the objection on counsel listed above and file it with the Court, so that it is actually received by the Court no later than November 30, 2012. If an objector hires an attorney to object pursuant to this paragraph, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court no later than November 30, 2012. Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the settlement, and all untimely objections shall be barred.

9. <u>Appearance at Fairness Hearing</u>. Any objector who files and serves a timely, written objection may appear at the Fairness Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Fairness Hearing must effect service of notice of intention to appear setting forth the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel, the Chapter 11 Trustee, and Defendants' Counsel (at the addresses set out above). The objector must also file the notice of intention to appear with the Court by no later than November 30, 2012. Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

10. <u>Service of Papers</u>. If it appears that any objections were not properly served, the Parties shall furnish each other's counsel with copies of any and all such objections that come into their possession promptly after learning of the deficiency in service.

11. <u>Fee Petition</u>. Class Counsel shall file an application for attorneys' fees and expenses no later than November 16, 2012.

{00009456}  Case: 10-03107    Doc# 69    Filed: 11/01/12    Entered: 11/02/12 13:47:17    Page 7 of
21
FINDINGS AND ORDER PRELIMINARILY
APPROVING PROPOSED SETTLEMENT

12.	_Injunction_.  Pending the final determination of the fairness, reasonableness and adequacy of the proposed Settlement, all members of the Settlement Class are enjoined from instituting, commencing, or prosecuting any action against Defendants based on the Estate and Class Released Claims, and all proceedings in the Adversary Proceeding, except those related to approval of the settlement, are stayed.

13.	_No Settlement Discovery_.  No discovery by any person with regard to the Settlement or the Settlement Agreement shall be permitted as to any of the settling parties other than as may be directed by the Court upon a proper showing by the person seeking such discovery pursuant to a motion that has been noticed and served in accordance with the applicable requirements of this Court.

14.	_Approval Pursuant to Rule 9019_.  The Chapter 11 Trustee and/or the Official Committee of Equity Security Holders of the Debtor Funds shall file a motion seeking approval of the Settlement Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019.  Such motion shall be filed in the consolidated Chapter 11 case of the Debtor Funds, Case No. 08-32220 (the "Bankruptcy Case"), and shall be set for hearing at the same date and time as the Fairness Hearing. Notice of such motion shall be provided as required for motions in the Bankruptcy Case in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court.

15.	_Termination of Settlement_.  This Order shall become void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing as of June 15, 2012, if the settlement is terminated in accordance with the provisions of the Settlement Agreement or does not receive final approval.

16.	_Use of Order_.  This Order is entered in compromise of disputed claims and does not reflect admissions of liability of any kind, whether legal or factual, by Defendants.  Plaintiffs believe they have a good chance of prevailing in the event of trial, but settle in recognition of the inherent uncertainty of litigation and Defendants' wasting insurance policies.  Neither the fact nor the terms of this Order shall be used or construed as an admission, concession, or declaration of Defendants' fault or wrongdoing, or as a waiver by any Party of any arguments, defenses, or claims he, she or it may have.

Case: 10-03107    Doc# 69    Filed: 11/01/12    Entered: 11/02/12 13:47:17    Page 8 of 21

FINDINGS AND ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT

1        17.    <u>Continuance of Hearing</u>.  The Court may, in its discretion, continue the Fairness

2  Hearing without further notice.

3                                          \* \* \* END OF ORDER \* \* \*.

FINDINGS AND ORDER PRELIMINARILY
APPROVING PROPOSED SETTLEMENT

**COURT SERVICE LIST**

1     **COURT SERVICE LIST**

2     *All registered ECF Parties.*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

FINDINGS AND ORDER PRELIMINARILY
APPROVING PROPOSED SETTLEMENT

# Exhibit A

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE<br><br>CMR MORTGAGE FUND, LLC,<br>CMR MORTGAGE FUND II, LLC,<br>CMR MORTGAGE FUND III, LLC,<br><br>       DEBTORS. | CASE NO.   08-32220 TEC<br>    (Substantively consolidated<br>    with  Case  Nos. 09-30788<br>    TEC and 09-30802 TEC)<br><br><br>CHAPTER 11 |
| WILLIAM BERGMAN, RICHARD AND<br>CATHERINE TIESSO AS TRUSTEES OF THE<br>TIESSO REVOCABLE TRUST, JOHN C.<br>SHERWOOD,  INDIVIDUALLY AND AS<br>MEMBERS OF THE OFFICIAL COMMITTEE<br>OF EQUITY SECURITY HOLDERS AND ON<br>BEHALF OF A CLASS CONSISTING<br>OF THE MEMBERS OF CMR MORTGAGE<br>FUND I, LLC CMR MORTGAGE FUND II,<br>LLC,<br>CMR MORTGAGE FUND III, LLC,<br><br>       PLAINTIFFS,<br><br>VS.<br><br>CALIFORNIA MORTGAGE AND<br>REALTY, INC., DAVID CHOO,<br><br>       DEFENDANTS. |  ADV NO.   10-03107<br><br><br>NOTICE OF CLASS ACTION<br>SETTLEMENT AND FINAL<br>HEARING |

**TO:    ALL MEMBERS OF CMR MORTGAGE FUND, LLC, CMR MORTGAGE FUND II, LLC, AND CMR MORTGAGE FUND III, LLC AS OF APRIL 30, 2008 AND THEIR SUCCESSORS IN INTEREST**:

This notice advises you of a proposed settlement of a class and derivative action lawsuit brought by William Bergman, Richard and Catherine Tiesso as Trustees of the Tiesso Revocable Trust, and John Sherwood (collectively, "Named Plaintiffs") against California Mortgage and Realty, Inc. and David Choo (together "the Defendants"). Named Plaintiffs and the Defendants are referred to as the "Parties." The lawsuit is referred to as the "Class and Derivative Action." Other capitalized terms used in this notice and not defined in it have the meanings assigned to them in the Settlement Agreement (as defined below).

The United States Bankruptcy Court for the Northern District of California ("Bankruptcy Court") has preliminarily approved the settlement and has scheduled a hearing to evaluate the fairness and adequacy of the settlement. At the hearing, the Court will consider Named Plaintiffs' requests for final approval of the settlement, for class certification, for approval of a proposed plan of allocation, and Class Counsel's request for an award of attorneys' fees and costs. The hearing has been scheduled for December 14, 2012, at 10:30 a.m. in Courtroom 23 of the United States Bankruptcy Court for the Northern District of California, 235 Pine Street, San Francisco, California 94104-2791.

The terms of the settlement are contained in the Class and Derivative Action Settlement Agreement ("Settlement Agreement"), a copy of which is available at: http://www.ml-sf.com/cases/cmr/docs.asp, or by contacting Named Plaintiffs' Class Counsel: McNutt Law Group, Attn: Jackie Jacobus, 188 The Embarcadero, Suite 800, San Francisco, California 94105. You can also call (415) 995-8475 and ask for Jackie Jacobus, if you have questions or comments. Named Plaintiffs' Class Counsel may also be contacted via email at smcnutt@ml-sf.com. Please do not contact the Bankruptcy Court or counsel for Defendants. They will not be able to answer your questions.

**PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY. IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, THE SETTLEMENT WILL AFFECT YOUR RIGHTS. YOU ARE NOT BEING SUED. YOU DO NOT HAVE TO APPEAR IN COURT, AND YOU DO NOT HAVE TO HIRE AN ATTORNEY IN THIS CASE. IF YOU ARE IN FAVOR OF THE SETTLEMENT, YOU NEED NOT DO ANYTHING. IF YOU DISAPPROVE, YOU MAY OBJECT TO THE SETTLEMENT PURSUANT TO THE PROCEDURES DESCRIBED BELOW.**

## CONTENTS OF THIS NOTICE

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | 3 |
| II. | DESCRIPTION OF THE CLASS AND DERIVATIVE ACTION | 4 |
| III. | MEMBERS OF THE CLASS | 5 |
| IV. | TERMS OF THE SETTLEMENT AND PAYMENTS TO CLASS MEMBERS AND DEBTOR FUNDS | 5 |
| **V.** | CLASS AND COMMITTEE REPRESENTATION AND STATE COURT ACTIONS | 8 |
| VI. | OBJECTING TO THE SETTLEMENT | 9 |
| VII. | THE FAIRNESS HEARING | 11 |
| VIII. | DOING NOTHING | 11 |
| IX. | GETTING MORE INFORMATION | 12 |

## I.    INTRODUCTION

There are currently pending in the Bankruptcy Court the above captioned Chapter 11 proceedings for CMR Mortgage Fund, LLC ("Fund I"), CMR Mortgage Fund II, LLC ("Fund II") and CMR Mortgage Fund III, LLC ("Fund III") (collectively the "Debtor Funds") and an adversary proceeding (the "Class and Derivative Action" or "Action").

In the Class and Derivative Action, the Named Plaintiffs, three members of the Debtor Funds who also are members of the Official Committee of Equity Security Holders of the Debtor Funds (the "Committee"), seek to recover from the manager of the Funds, CMR, Inc. ("CMRI") and its president and owner, David Choo ("Choo"), damages incurred by the Debtor Funds and the Debtor Funds' members due to the mismanagement and other wrongful acts of CMRI and Choo.

The bankruptcy cases of the Debtor Funds commenced on November 19, 2008, when Fund I filed for Chapter 11 protection in the Bankruptcy Court. The Class and Derivative Action was filed on June 25, 2010. On April 14, 2011, the Bankruptcy Court appointed Richard M Kipperman as the Chapter 11 Trustee for the Debtor Funds ("Chapter 11 Trustee").

Case: 10-03107   Doc# 69   Filed: 11/01/12   Entered: 11/02/12 13:47:17   Page 14 of 21

The Named Plaintiffs, the Chapter 11 Trustee, CMRI and Choo have reached a proposed settlement of the Class and Derivative Action (the "Settlement") under which the benefits described below will be provided to the bankruptcy estate of the Debtor Funds and the members of the Debtor Funds as of April 30, 2008, or the successors in interest of the members, as the case may be (the "Class"). The Named Plaintiffs, on behalf of the class of Fund members, and the Chapter 11 Trustee are participants in the Settlement.

The claims set forth in the Class and Derivative Action have been vigorously disputed by Choo and CMRI, who moved for dismissal of the Action under Federal Rules of Civil Procedure, Rule 12(b)(6). After extensive negotiations, and thorough investigation by the parties, the proposed Settlement was reached. All parties, including the Chapter 11 Trustee and Class counsel, believe the proposed Settlement to be fair and reasonable under the circumstances, and to provide the best possible recovery for the Debtor Funds and the individual members, given the facts, applicable law, and the limited fund available to address the claims against Choo and CMRI.

This Notice provides notice to you of the terms of the proposed Settlement, so that if approved, it can be implemented and the settlement funds can be distributed.

This Notice constitutes notice to the members of the Class of (a) the certification of the Plaintiff Class for settlement purposes; (b) the proposed Settlement of the Class and Derivative Action; (c) a description of the proposed Settlement; (d) the date of the court hearing for final approval of the Settlement; (e) your right to request a full copy of the Settlement documents including all exhibits; and (f) the right of each member of the Plaintiff Class to object to or comment on the Settlement, and to appear at the hearing at which the Court will consider the final approval of the Settlement.

## II.    DESCRIPTION OF THE CLASS AND DERIVATIVE ACTION

On June 25, 2010, the Named Plaintiffs filed with the Bankruptcy Court a complaint commencing the Class and Derivative Action against CMRI and Choo. On December 23, 2010, the Defendants filed a motion to dismiss the action pursuant to FRCP 12(b)(6). The Named Plaintiffs filed a First Amended Complaint on January 7, 2011. On April 18, 2011, Defendants filed their motion to dismiss the First Amended Complaint. The hearing on this second motion was held in abeyance pending the negotiations which resulted in the proposed Settlement.

The First Amended Complaint asserts causes of action against CMRI and Choo for Breach of Contract, Breach of Fiduciary Duty, Negligent Misrepresentation, Professional Negligence, Intentional Misrepresentation, and Constructive Trust. These claims are asserted by the three members of the Debtor Funds[1] to recover damages incurred by members of the Debtor Funds arising out of Defendants' conduct alleged herein, regardless of whether such damages derive from injury to the Debtor Funds or are the result of individual injuries to Fund members. The Named Plaintiffs allege that CMRI and Choo mismanaged, and breached their professional and fiduciary duties to, the Debtor Funds by selecting and underwriting imprudent loans and otherwise not managing the Funds in the prudent and conservative manner they had represented. They assert that this resulted in significant losses to the Funds and their members, causing the Funds to end all distributions and payments to members, and to file for Chapter 11

---

[1] The Committee was authorized by the Court's order dated January 29, 2010 (the "Authorizing Order") to pursue all claims of the Debtor Funds against Choo and CMRI. The Committee is not a party to the Action, but the Named Plaintiffs, William Bergman, Richard Tiesso and John Sherwood are members of the Committee. The Chapter 11 Trustee did not seek a modification of the Authorizing Order upon his appointment, nor did he join the Action as a party. He did, however, support the Named Plaintiffs' prosecution of the claims asserted and participate in the negotiation of the proposed Settlement.

Case: 10-03107    Doc# 69    Filed: 11/01/12    Entered: 11/02/12 13:47:17    Page 15 of 21

protection. The Named Plaintiffs estimate that the total losses to the Funds and their members exceed $150 million.

CMRI and Choo denied the allegations and asserted multiple defenses in their motions to dismiss and during the course of the negotiations with counsel for the Class and the Chapter 11 Trustee. Among other issues, CMRI and Choo asserted that (a) all claims against them are barred by the business judgment doctrine; (b) the claims are barred by the statute of limitations; (c) under the applicable contracts CMRI and Choo are not liable to the Funds or their members because CMRI and Choo did not act in bad faith; (d) the Debtor Funds must defend and indemnify CMRI and Choo against member claims; and (e) the fraud and breach of fiduciary duty claims are not supported by the facts.

The Action is both a class action and a derivative action. In a **class action**, one or more plaintiffs, called "named plaintiffs," sue to recover losses suffered by persons who have similar claims. All of the individuals on whose behalf the Named Plaintiffs are suing are members of a "class" of members of the Debtor Funds as of April 30, 2008. In a **derivative action**, shareholders of a corporation or members of a limited liability company, such as the three Debtor Funds here, are suing to recover losses suffered by the corporation or limited liability company. In this case, the Named Plaintiffs allege that the Defendants' conduct resulted both in losses to the Debtor Funds and in losses to individual members of the Funds.

## III.    MEMBERS OF THE CLASS

You are a member of the Class if you were a member of one of the three Debtor Funds on April 30, 2008 or if you are a successor in interest, *e.g.*, the heir, to a person who was a member of one of the three Debtor Funds on April 30, 2008.

## IV.    TERMS OF THE SETTLEMENT AND PAYMENTS TO CLASS MEMBERS AND DEBTOR FUNDS

The terms of the settlement are contained in the Settlement Agreement. The Settlement Agreement provides for two types of payments by Defendants: (1) payment of insurance policy proceeds on behalf of the Defendants in the amount of $7,550,000 minus covered defense costs[2] ("Present Payments") and (2) payment of future gains from the assets under the control of the Defendants in an amount up to $21 million ("Future Payments"). The Settlement Agreement provides that $2,115,000 of the insurance policy proceeds will be reserved ("Reserved Funds") from the Present Payments by one of the Defendant's insurers for a period of up to 30 months to cover additional defense costs, although under certain circumstances the unused part of these reserved funds may be released earlier. In addition, Defendants are releasing all claims (except that CMRI retains an allowed Chapter 11 administrative expense claim for post-petition advances provided to the Debtor Funds in the amount of $112,546.16) they hold against the Debtor Funds for management fees, promissory notes, cash advances, etc. in excess of $6.6 million.

---

[2] Choo and CMRI are insured under two insurance policies that provide coverage for defense and indemnity to Choo and CMRI in the event of certain claims against them. The limits of the policies are $5 million and $3 million, respectively. Defense costs incurred by Choo and CMRI in defending against this Action and several other actions filed by members of one or more of the funds have been paid from these available limits, and the amounts thus paid to Choo's and CMRI's attorneys are no longer available to fund the proposed Settlement. As of October 10, 2012, the Court had authorized Choo's insurer Indian Harbor to pay up to $1,650,542.44 in defense costs, and Indian Harbor had paid the amount of $1,320,011.80. Additional defense costs may be incurred by Choo and CMR after that date and will be deducted from the funds reserved by the insurers as described above, before those reserved funds are released.

Case: 10-03107    Doc# 69    Filed: 11/01/12    Entered: 11/02/12 13:47:17    Page 16 of 21

On May 18, 2012, Class Counsel submitted a Plan of Allocation to the Bankruptcy Court for approval at or after the Fairness Hearing. The Plan of Allocation, which may be obtained at http://www.ml-sf.com/cases/cmr/docs.asp, or by contacting Class Counsel, describes how the Present Payments and Future Payments will be distributed to the Debtors' Estates and to Class members. In general terms, the distribution to each member of the Class will be calculated based on each member's participation in the three Debtor Funds as previously approved by the Bankruptcy Court in connection with the approval of the Equity Committee and Debtors' Joint Plan of Reorganization Dated June 24, 2010. This distribution is as detailed in Exhibit G to the Disclosure Statement for Equity Committee and Debtors Joint Plan of Reorganization Dated June 24, 2010.

The initial distribution to Class members will be from a share consisting of 40% of Present Payments allocated to the class action claims (including interest, but after payment of certain amounts as described in the Settlement Agreement, including Court-approved attorneys' fees and other costs related to the litigation and the administration of the Settlement Fund, as described in more detail below). The remainder of the Present Payments are deemed allocable to the derivative claims and will be distributed to the Chapter 11 Trustee on behalf of the Debtor Funds (also net of any attorneys' fees and costs approved by the Court), who is charged with administering and using such funds for the benefit of all creditors.

The total amount that will be available for distribution depends on the amounts of certain costs and fees to be deducted from the recovery. The Named Plaintiffs' consent to and support for the Settlement was conditioned on every effort being made to achieve a distribution to Class members of not less than 1% of the approximate amount of their losses. Although these costs and fees may affect the amount available, the Trustee and Class Counsel have agreed that the total payout to Class members shall not be less than 1% of each members losses,[3] subject to certain limitations. This commitment is subject to Class Counsel and the Trustee reaching an agreement as to how to fund any additional allocation to the Class that is necessary to achieve a 1% distribution. In addition, if the Reserved Funds held by the insurer are not fully released, a 1% distribution may not be possible. To the extent that the Reserved Funds are not released for some time, distributions to Class members will be delayed in part. Although the Trustee and Class Counsel expect that the Reserved Funds will be released, such releases may take considerable time, and is not certain.

The total insurance recovery is $7,550,000[4] less covered defense costs and costs to resolve coverage litigation. The additional costs to be paid from the recover are as follows. Class counsel will seek fees and costs in an amount not to exceed 25% of Present Payments, as further discussed in Section V, below. The Chapter 11 Trustee will seek approval of certain substantial contribution payments, also further discussed in Section V, below. There will also be some costs associated with mailing notices and administering and distributing the settlement funds. The distribution to Class Members will be 40% of the net remaining amount, with an adjustment as necessary to achieve the 1% minimum distribution (subject to the caveats above). A breakdown of the insurance contributions, approximate costs and expenses to be deducted, and net recovery is shown in the following table (assuming release of the entirety of the Reserved Funds):

---

[3] For this purpose, "losses" means money originally invested in the funds less distributions received from the funds, and excluding any profits generated by the funds, as reflected in the books and records of the Debtor Funds.

[4] This amount includes the Reserved Funds.

Case: 10-03107    Doc# 69    Filed: 11/01/12    Entered: 11/02/12 13:47:17    Page 17 of 21

| Description: | Funds | Costs |
|---|---|---|
| Indian Harbor insurance policy contribution before defense costs | $5,000,000 | |
| Lloyds insurance policy contribution before coverage litigation costs[5] | $2,550,000 | |
| Defense costs paid from Indian Harbor policy[6] | | ($1,650,000) |
| Costs of coverage litigation with Lloyds[7] | | ($138,000) |
| Class counsel fees (not to be more than) | | ($1,440,500) |
| Cost of substantial contribution settlements | | ($500,000) |
| Estimated distribution related expenses | | ($25,000) |
| **Estimated net recovery after costs, to be allocated between Estate and Class members** | **$3,796,500** | |

The preceding table represents an estimate, and the actual costs may vary from the amounts shown. The Class Counsel fees and the substantial contribution settlements are subject to Bankruptcy Court approval, and could be reduced or denied. In addition, because the Present Payments include the Reserved Funds being held for additional defense costs, these numbers rely on those Reserved Funds being released. If the Reserved Funds not fully released, the distributions will be less than indicated above.

Future Payments will be administered by the Chapter 11 Trustee or his successor or designee, and will be allocated and distributed in the same manner as the Present Payments. The unused part of the Reserved Funds will be distributed in the same manner once released.

Class members do not need to request payment of their shares of the Present and Future Payments. Payment will be sent to the most recent address on record for each Class member. If you wish to submit an updated address please do so by contacting Class Counsel at McNutt Law Group, 188 The Embarcadero, Suite 800, San Francisco, California 94105, or call (415) 995-8475.

Payment is conditioned on several things, including the Bankruptcy Court's certification of the class for settlement purposes, approval of the settlement, and the approval becoming a Final Order. Depending on the court process, distribution could take several months or more than a year.

---

[5] Out of $3,000,000 policy, as a result of settlement of a coverage dispute.

[6] Total includes estimated defense costs through the resolution of the class action, but assume that any additional funds reserved for defense are released.

[7] Approximate costs; actually costs may vary based on fee agreement with coverage counsel.

Case: 10-03107   Doc# 69   Filed: 11/01/12   Entered: 11/02/12 13:47:17   Page 18 of 21

## V.    CLASS AND COMMITTEE REPRESENTATION AND STATE COURT ACTIONS

The Bankruptcy Court has appointed McNutt Law Group, LLP and Lee Law Offices as Class Counsel. McNutt Law Group, LLP also had been appointed as counsel for the Equity Committee; Lee Law Offices had been appointed as special insurance counsel for the Equity Committee.

Class Counsel will apply for an award of attorneys' fees and expenses. The application for attorneys' fees will not exceed 25% of the Present Payments, including any part of the Reserved Funds not used for defense costs.[8] The Chapter 11 Trustee has reserved all rights with respect to the allowance of Class Counsel's attorneys' fees and expenses. Any award of fees and additional expenses will be paid from the Present Payments in the amount and manner approved by the Court. The written application for fees and expenses will be filed on November 16, 2012 (28 days before the Fairness Hearing), and the Bankruptcy Court will consider this application at the Fairness Hearing. A copy of the application will be available at: http://www.ml-sf.com/cases/cmr/docs.asp.

To date, Class Counsel have not received any payment for their services in prosecuting this Class and Derivative Action, nor has counsel been reimbursed for their out-of-pocket expenses. The fee requested by Class Counsel would compensate them for their efforts over the course of two and a half years in achieving the settlement for the benefit of the Settlement Class and the Debtor Funds and for their risk in undertaking this representation on a contingent basis. The Bankruptcy Court will determine the actual amount of any award.

Prior to the filing of the Class action, certain individuals filed lawsuits against the Defendants in state court, on their own behalf. The costs incurred by the Defendants in defending against these actions were charged against the available insurance coverage, and the plaintiffs sought recoveries that could have consumed all of the available insurance. In order to preserve the insurance available for the Class and the Estate, and in recognition of the fact that these the efforts of these individuals and their attorneys also preserved claims against the insurance for the benefit of the Estate, the Chapter 11 Trustee negotiated certain settlements with the attorneys representing the plaintiffs in these actions. These settlements, if approved by the Bankruptcy Court, require payments of a total of $500,000, which will be funded from the proceeds of the Class Settlement that are allocated to the Estate.[9] In part this provides compensation for the costs and time invested in prosecuting these actions, which contributed to preserving the claims for the Class and Estate. As discussed in Section IV, above, these costs will be deducted from the settlement proceeds, if the settlements are approved by the Bankruptcy Court.

## VI.    OBJECTING TO THE SETTLEMENT

As a Class member, you will be bound by any judgments or orders that are entered in the Class and Derivative Action for all claims that were asserted in that action or that are otherwise included in the release under the Settlement Agreement. You cannot opt out of the Settlement, but you can object to the Settlement Agreement and ask the Court not to approve it.

Any member of the Class may appear at the Fairness Hearing and explain why he or she thinks the Settlement should not be approved or why attorneys' fees and expenses should not be awarded, in

---

[8] Any fees awarded as a percentage of the Reserved Funds would only be paid out of those Reserved Funds once actually released.

[9] These settlements have various other aspects, including a right to a portion of an Future Gains recovered. Once finalized, the settlements will be filed with, and subject to approval by, the Bankruptcy Court.

Case: 10-03107   Doc# 69   Filed: 11/01/12   Entered: 11/02/12 13:47:17   Page 19 of 21

whole or in part. But no member of the Class can contest these matters unless he or she first files with the Bankruptcy Court a timely written objection, providing all reasons for the objection.

To object, you must send a letter or other written statement saying that you object to the Settlement or the attorneys' fee award in *Bergman v. CMRI et al.*, Adv No. 10-03107. Be sure to include your name, address, telephone number, signature, and a full explanation of all reasons you object to the settlement. **Your written objection must be filed with the Bankruptcy Court, and sent to the lawyers listed below by November 30, 2012:**

**File with the Clerk of the Court:**          United States Bankruptcy Court
                                              235 Pine Street, 19th Floor
                                              San Francisco, CA 94104
                                              Telephone: (415) 268-2300

**And, by the same date, send copies of all such papers to each of the following:**

**To Class Counsel:**                         Scott H. McNutt
                                              McNutt Law Group, LLP
                                              188 The Embarcadero, Suite 800
                                              San Francisco, California 94105
                                              Telephone: (415) 995-8475
                                              Facsimile: (415) 995-8487

**To the Chapter 11 Trustee:**                Richard M Kipperman
                                              Corporate Management, Inc.
                                              P.O. Box 3010
                                              La Mesa, CA 91944.3010
                                              Phone:     619-668-4500
                                              Facsimile:  619-668-9014

     **With a copy to:**                      David M. Bertenthal
                                              Pachulski Stang Ziehl & Jones LLP
                                              150 California Street, 15th Floor
                                              San Francisco, CA 94111
                                              Phone:  415-263-7000
                                              Facsimile:  415-263-7010

**To Defendants' Counsel:**                   Richard Gallagher
                                              Orrick, Herringon & Sutcliffe LLP
                                              405 Howard Street
                                              San Francisco, California 94105-2669
                                              Telephone: (415) 773-5700
                                              Facsimile: (415) 733-5759

**UNLESS OTHERWISE ORDERED BY THE BANKRUPTCY COURT, ANY SETTLEMENT CLASS MEMBER WHO DOES NOT OBJECT IN THE MANNER DESCRIBED ABOVE WILL BE DEEMED TO HAVE WAIVED ANY OBJECTION AND SHALL BE FOREVER FORECLOSED FROM OBJECTING TO THE PROPOSED SETTLEMENT AND THE APPLICATION FOR ATTORNEYS' FEES AWARDS.**

{00009438 }                                                                              9

## VII.    THE FAIRNESS HEARING

**The Bankruptcy Court will hold a Fairness Hearing at 10:30 a.m. on December 14, 2012**, at the United States Bankruptcy Court for the Northern District of California, 235 Pine Street, Courtroom 23, San Francisco, CA 94104.

**IF YOU DO NOT WISH TO OBJECT TO THE PROPOSED SETTLEMENT OR THE APPLICATION FOR ATTORNEYS' FEES YOU DO NOT NEED TO ATTEND THE FAIRNESS HEARING.**

At the hearing, the Bankruptcy Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Bankruptcy Court will consider them. After the Fairness Hearing, the Bankruptcy Court will decide whether to approve the Settlement and certify the Class. The Bankruptcy Court will also consider the motions for attorneys' fees and expenses, as well as the proposed Plan of Allocation. We do not know how long these decisions will take.

You do not have to attend the hearing but you may do so at your own expense.  If you send an objection, you do not have to come to Bankruptcy Court to talk about it. As long as you mailed your written objection on time, it will be before the Bankruptcy Court when the Bankruptcy Court considers whether to approve the settlement. You may also have your own lawyer attend the Fairness Hearing at your expense, but such attendance is not mandatory.

If you are a member of the Settlement Class and have filed a timely objection, and if you wish to speak, present evidence or present testimony at the Fairness Hearing, you must state in your objection your intention to do so, and must identify any witnesses you intend to call or evidence you intend to present.

The Fairness Hearing may be rescheduled by the Bankruptcy Court without further notice to the Class. If you wish to attend the Fairness Hearing, you should confirm the date and time with Class Counsel.

## VIII.    DOING NOTHING

You are not required to do anything in order to participate in the Settlement.  If you do nothing and you are a Settlement Class member, you will participate in the settlement as described in this notice if the settlement is approved, and you will be deemed to have released all released claims against the Defendants.

## IX.    GETTING MORE INFORMATION

This notice summarizes the proposed Settlement. Full details about the Settlement are in the Settlement Agreement. You may obtain a copy of the Settlement Agreement by making a written request to Plaintiffs' Class Counsel listed above on page 2. Copies of the Settlement Agreement, as well as the motion seeking preliminary approval of the Settlement Agreement and the Preliminary Approval Order, may also be viewed at:  http://www.ml-sf.com/cases/cmr/docs.asp.  You may contact Class Counsel with your comments or questions at (415) 995-8475.